628 F.2d 1085
 UNITED STATES of America, Appellee,
v.
Preston SELLERS, Appellant.
UNITED STATES of America, Appellee,
v.
Johnnie CARADINE, Appellant.
UNITED STATES of America, Appellee,
v.
Donald ALLEN, Appellant.
UNITED STATES of America, Appellee,
v.
William E. JEWETT, Appellant.
UNITED STATES of America, Appellee,
v.
Dennis Lavern ENGLISH, Appellant.
UNITED STATES of America, Appellee,
v.
William James MONROE, Appellant.
 Nos. 79-1107, 79-1112 to 79-1114, 79-1125 and 79-1126.
 United States Court of Appeals,
Eighth Circuit.
 Aug. 19, 1980.
 
 Appeals from the United States District Court for the Southern District of Iowa; William C. Hanson, U.S.D.C. Judge.
 John D. Hudson, Carney, Hudson & Williams, Des Moines, Iowa, for appellant, Sellers.
 Mark W. Bennett, Des Moines, Iowa, for appellant, Jewett.
 R. Earl Barrett, Des Moines, Iowa, for appellant, Monroe.
 John D. Hudson, Mark W. Bennett and R. Earl Barrett, Des Moines, Iowa, for appellant, Allen.
 Robert H. Laden, Des Moines, Iowa, for appellant, English.
 Frank A. Comito, Des Moines, Iowa, for appellant, Caradine.
 Roxanne Barton Conlin, U. S. Atty., John O. Martin, Sp. Asst. U. S. Atty., and Amanda M. Dorr, Asst. U. S. Atty., Des Moines, Iowa, for appellee, U. S. A.
 Before GIBSON, Senior Judge,* ROSS and HENLEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The defendants in this case were tried jointly and convicted by a jury of conspiracy to distribute heroin in violation of Section 406 of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 846. On appeal to this court, the defendants challenged the sufficiency of the evidence upon which they were convicted, various rulings of the district court,[1] and the legality of the sentences imposed upon them. This court affirmed the district court's decision on all three grounds. 603 F.2d 53.
 
 
 2
 On petition for writ of certiorari to the United States Supreme Court, the judgment of this court was vacated, on June 23, 1980, and the cause was remanded for further consideration in light of Bifulco v. United States, 447 U.S. ---, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980). --- U.S. ----, 100 S.Ct. 3033, 65 L.Ed.2d 1127. Accordingly, in light of the Bifulco decision, this court reconsiders the issue of the legality of the sentences imposed on the defendants by the district court.
 
 
 3
 In Bifulco v. United States, supra, the Supreme Court concluded that 21 U.S.C. § 846 did not authorize the imposition of special parole terms by reference to 21 U.S.C. § 841:
 
 
 4
 This investigation into the meaning of § 406 (21 U.S.C. § 846), as informed by an examination of its language and structure, its history, and relevant policy considerations, yields the likely conclusion that Congress' failure specifically to authorize the imposition of special parole terms as punishment for those convicted of conspiracy was not a slip of the legislative pen, nor the result of inartful draftsmanship, but was a conscious and not irrational legislative choice.
 
 
 5
 Bifulco v. United States, supra, 447 U.S. at ----, 100 S.Ct. at 2259.
 
 
 6
 Accordingly, our previous decision in this case is affirmed in all respects except for that portion of the opinion relating to the legality of the defendants' sentences. The court hereby remands this case to the district court with instructions that the defendants be resentenced, and that the special parole terms be removed.
 
 
 
 *
 Judge GIBSON took senior status on January 1, 1980
 
 
 [1]
 The Honorable William C. Hanson, Senior United States District Judge for the Southern District of Iowa