978 F.2d 1264
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Michael Sears MILNOR, Appellant,
v.
USA, Appellee.
 No. 92-2315.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 3, 1992.
Filed: November 5, 1992.
 
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael Sears Milnor appeals the district court's[1] order denying his 28 U.S.C. § 2255 motion. In April 1976, Milnor pleaded guilty to drug charges: ten counts of substantive violations of drug laws under 21 U.S.C. §§ 841 and 960, and one count of conspiracy to violate drug laws under 21 U.S.C. § 846. The district court imposed a general sentence of fifteen years incarceration and ten years special parole.
 
 
 2
 In March 1992, Milnor filed this motion under section 2255, asking the court to vacate his special parole term. He argued that such terms may not be imposed as punishment for conspiracy under section 846, citing Bifulco v. United States, 447 U.S. 381 (1980). Based on its review of the record, the district court denied Milnor relief. Milnor appealed.
 
 
 3
 The Supreme Court held in Bifulco that a court may not sentence a defendant to a special parole term as punishment for a conspiracy conviction under section 846. Id., 447 U.S. at 390. This circuit has applied Bifulco to vacate special parole terms where defendants were charged only with conspiracy. See Smith v. United States, 635 F.2d 693, 694 (8th Cir. 1980), cert. denied, 450 U.S. 934 (1981); United States v. Sellers, 628 F.2d 1085, 1086 (8th Cir. 1980) (per curiam). In this case, however, Milnor was convicted of ten violations of substantive drug laws and one conspiracy charge. The statutes upon which Milnor's substantive convictions were based required imprisonment to be followed by a special parole term of at least three years for each violation. 21 U.S.C. §§ 841(b)(1)(A) and 960(b)(1) (1970). Therefore, the district court did not err in refusing to vacate Milnor's special parole term.
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE PAUL A. MAGNUSON, United States District Judge for the District of Minnesota