**UNITED STATES of America, Appellee,**

v.

**Leonard SMITH, Appellant.**

No. 79–1059.

United States Court of Appeals, Eighth Circuit.

Submitted April 24, 1979.

Decided June 8, 1979.

Rehearing and Rehearing En Banc Denied July 3, 1979.

J. Joseph McQuillan of Walsh, Walentine & Miles, Omaha, Neb., for appellant.

Thomas D. Thalken, Asst. U. S. Atty., Omaha, Neb., for appellee; Edward G. Warin, U. S. Atty., Omaha, Neb., on brief.

Before LAY, BRIGHT and ROSS, Circuit Judges.

LAY, Circuit Judge.

Leonard Smith, a former police officer in the Omaha Police Department, appeals from his conviction on one count of conspiracy to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 846. He earlier was tried and convicted on the same charge with Myron Jackson, Russell Spearman and Faustino Selvera. This court in a divided decision affirmed the conviction of all defendants with the exception of Smith. *United States v. Smith*, 578 F.2d 1227 (8th Cir. 1978) (Lay, J., concurring) (Ross, J., concurring and dissenting). Smith was given a new trial because prejudicial evidence was erroneously admitted during the course of the first trial. *Id.* at 1233–35 (Heaney, J.), 1238 (Lay, J., concurring).

The Government's evidence adduced at the second trial is conceded to be basically the same as produced at the first trial. Once again the chief government witness was Ike Conway, who served as a government informant in the investigation of the conspiracy after he was arrested in Septem-

ber 1976. During the winter of 1974–75 he worked with others to buy heroin in Las Vegas and California and bring it to Omaha for distribution. In August 1975 defendant Smith became known to Conway and according to Conway's testimony, Smith, working through Selvera, agreed to supply police information to Conway and Selvera for protection of their heroin ring in return for payments of $250 a week. The factual details of this operation and the events leading up to Conway's arrest are set forth in our prior opinion and need not be repeated fully here. In September 1976 Conway was arrested by Smith pursuant to an indictment for conspiracy to distribute heroin handed down by the federal grand jury for the District of Nebraska. Thereafter, Conway agreed to serve as a police informant and was equipped with a body transmitter and his conversations with other members of the conspiracy were taped until the arrest of Smith and Selvera in December 1976. In early December 1976 a wiretap was placed on Selvera's telephone.

Smith received a new trial from his earlier conviction on the basis of the admission of prejudicial statements made by Conway and Jackson which were recorded after Conway's arrest. In the first appeal the Government conceded that Jackson had left the conspiracy in March of 1976 and that Conway was no longer a conspirator after his arrest. Under the circumstances we held that this evidence was inadmissible and prejudicial. On retrial the trial court, the Honorable Albert G. Schatz, limited the admissibility of the tapes as follows:

1. suppression *in toto* of the taped conversation between Selvera and Jackson, in accordance with this court's prior decision, *United States v. Smith*, 578 F.2d at 1236;

2. suppression *in toto* of the Selvera-"Eddie" and Selvera-Norlin tapes in light of their minimal probative value and potential prejudicial impact;

3. admission of the Smith-Selvera and Smith-Conway tapes as admissions under Fed.R.Evid. 801(d)(2)(A), (B); and

4. partial admission of the Conway-Selvera tapes under Fed.R.Evid. 801(d)(2)(E) to the extent the Government would be able to prove by a preponderance of the independent evidence that a conspiracy existed at the time the statements were made.

On appeal from his new conviction[1] Smith makes two assertions. First he contends the trial court erred in overruling his motion in limine to exclude all evidence concerning the conspiracy before August 1975, when Smith allegedly joined the conspiracy. Smith next contends that all of the tapes, as admitted, were made after Conway's arrest in September 1976 and therefore constituted inadmissible hearsay since the conspiracy had terminated upon Conway's arrest.

Upon a full review of the record, we find no error in Smith's second trial; we affirm the conviction.

■ The evidence clearly shows that Conway, Jackson, Spearman and Selvera were involved in an illegal conspiracy to buy and distribute heroin, both before and after August 11, 1975. The evidence taken in the light most favorable to the Government shows that Smith joined that conspiracy in August 1975 and thereafter agreed to supply police information and protection. The applicable law is well recognized, as we stated in *Nassif v. United States*, 370 F.2d 147, 152 (8th Cir. 1966):

> [A] coconspirator may even become a member of the conspiracy without being in on it at its inception. One need only knowingly contribute his efforts in furtherance of it. Even if we construe the evidence that [the defendant] entered the conspiracy at a later date, he took the conspiracy as he found it. . . . [H]e still would adopt the previous acts and declarations of, his fellow conspirators. *Phelps v. United States*, 8 Cir., 160 F.2d 858; *Hernandez v. United States*, 9 Cir., 300 F.2d 114; *United States v. Dardi*, 2 Cir., 330 F.2d 316. We said in *Phelps*:

---

1. The trial court gave Smith, as it had earlier done, a seven year sentence with a special three year parole term to follow.

" * * * And, of course, a defendant can join a conspiracy at any time and may be found to have done so when, with knowledge of its existence, he has undertaken to further its design." 160 F.2d at 868.

The trial court did not err in admitting evidence of the conspiracy before Smith joined it in August 1975.

The defendant's second contention is that the conspiracy ended at the time of Conway's arrest in September 1976 and that therefore none of the tapes are admissible under Fed.R.Evid. 801(d)(2)(E). This argument is coupled with the contention that there existed no independent evidence to demonstrate that the conspiracy continued between Smith and Selvera. Judge Ross and the writer disagreed with this contention in reviewing Smith's first trial. *United States v. Smith*, 578 F.2d at 1233. We have independently appraised the record in the second trial and once again find there was sufficient evidence to support the trial court's ruling that the tapes of conversations between Conway and Selvera, Conway and Smith, and Smith and Selvera were admissible.

■ Defendant's contention overlooks the fact that the admissibility of Smith's taped statements is not dependent upon proof of an ongoing conspiracy. Rule 801(d)(2)(A) of the Federal Rules of Evidence states that a statement is not hearsay if "[t]he statement is offered against a party and is (A) his own statement, in either his individual or a representative capacity . . . ." Accordingly, the statements made by Smith which are contained in the tapes are admissible against him. *See United States v. Nixon*, 418 U.S. 683, 701 & n. 13, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974); *United States v. Matlock*, 415 U.S. 164, 172, 94 S.Ct. 988, 994, 39 L.Ed.2d 242 (1974)

("[T]he respondent's own out-of-court admissions would surmount all objections based on the hearsay rule . . . and would be admissible for whatever inferences the [trier of fact] could reasonably draw . . . ."); *United States v. Cline*, 570 F.2d 731, 735–36 (8th Cir. 1978); *United States v. Velarde*, 528 F.2d 387, 389 (9th Cir. 1975), *cert. denied*, 425 U.S. 914, 96 S.Ct. 1513, 47 L.Ed.2d 765 (1976); 4 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 801(d)(2)(A)[01] (1978).[2]

[4] With regard to the statements made by Conway and Selvera during their conversations with Smith, the trial court ruled they were admissible as "adoptive admissions" under Fed.R.Evid. 801(d)(2)(B).[3] We are satisfied Smith's responses to the statements of Selvera and Conway justify the trial court's ruling. *See United States v. Metcalf*, 430 F.2d 1197, 1199 (8th Cir. 1970). *Accord, United States v. Di Giovanni*, 544 F.2d 642, 645 (2d Cir. 1976); *United States v. Dorsett*, 544 F.2d 687, 690 (4th Cir. 1976); *United States v. Torres*, 519 F.2d 723, 726 n. 10 (2d Cir.), *cert. denied*, 423 U.S. 1019, 96 S.Ct. 457, 46 L.Ed.2d 392 (1975); *United States v. Bolden*, 169 U.S.App.D.C. 60, 70, 514 F.2d 1301, 1311 (1975); *United States v. Lemonakis*, 158 U.S.App.D.C. 162, 169–70, 485 F.2d 941, 948–49 (1973), *cert. denied*, 415 U.S. 989, 94 S.Ct. 1586, 39 L.Ed.2d 885 (1974); 4 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 801(d)(2)(B)[01] (1978).

Since we find that the statements made by Smith manifest his adoption of the Conway and Selvera statements, we need not consider the appropriateness of the trial court's finding that silence by Smith conclusively demonstrates his acquiescence in those statements. *Cf. United States v. Hale*, 422 U.S. 171, 176, 95 S.Ct. 2133, 2136, 45 L.Ed.2d 99 (1975) ("In most circumstanc-

2. Even if the conspiracy had come to an end when Conway was arrested, Smith's post-conspiratorial acts were admissible as linking him as a party to the conspiracy. *See Lutwak v. United States*, 344 U.S. 604, 617, 73 S.Ct. 481, 97 L.Ed. 593 (1953).

3. Rule 801(d)(2)(B) reads:

(d) Statements which are not hearsay.—A statement is not hearsay if—

    .        .        .        .        .

(2) Admission by party-opponent.—The statement is offered against a party and is . . . (B) a statement of which he has manifested his adoption or belief in its truth

    .        .        .        .

es silence is so ambiguous that it is of little probative force."); *see also United States v. Coppola*, 526 F.2d 764, 769 n. 2 (10th Cir. 1975); *United States v. Schroeder*, 433 F.2d 846, 847–50 (8th Cir. 1970), *cert. denied*, 400 U.S. 1024, 91 S.Ct. 590, 27 L.Ed.2d 636 (1971); 4 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 801(d)(2)(B)[01] at 801–122 to 801–126 (1978).

█ Thus, keeping in mind that Smith's statements and the statements made to Smith by Conway and Selvera were independently admissible against Smith, we turn to Smith's claim that the independent evidence was insufficient to support the trial court's finding that the conspiracy existed after Conway's arrest. Smith's admissions to Conway and Selvera clearly suggest an ongoing conspiracy. When this evidence is coupled with Smith and Selvera's continued clandestine contacts, the phone calls and contacts made by Selvera and Smith between one another and Conway, and the physical evidence recovered in Selvera's apartment relating to heroin cutting, we find sufficient evidence for the trial court to rule as it did. The statements made by Selvera and Smith all relate an ongoing activity,[4] at least sufficient to show that each possessed the intent to continue the conspiracy together and with Conway, once he got back into business. As this writer stated in the first *Smith* opinion:

> Although the arrest of one coconspirator terminates his membership in the conspiracy, it does not follow that the conspiracy itself is terminated. See *United States v. Williams*, 548 F.2d 228, 231 (8th Cir. 1977). Where evidence demonstrates that conspirators remain fully capable of carrying out their purpose, notwithstanding the arrest of one of them, it cannot be said that the conspiracy is terminated as a matter of law. Smith's phone calls with Selvera and Conway, when viewed from the government's point of view, constituted admissible evidence that a clandestine cover-up was still going on. Despite the fact that some of the heroin

supply may have been dried up with Conway's arrest, Selvera's conversations with Smith create a permissible inference that the conspiracy between the two of them remained alive and that further drug distribution would take place when the opportunity presented itself. The fact that the conspiratorial object was postponed or slowed down does not unequivocally show that the conspiracy was terminated. Smith's and Selvera's conversations demonstrate to the contrary. *Cf. United States v. Papia*, 560 F.2d 827, 835–36 (7th Cir. 1977).

578 F.2d at 1237 (Lay, J., concurring). We find only the Selvera-Conway tapes dependent on proof of the ongoing conspiracy. As we have outlined above the trial court found sufficient independently admissible evidence of the conspiracy so as to admit these tapes.

The trial court carefully excised the contrived and prejudicial portions of Conway's statements which we condemned in our previous decision. *See United States v. Smith*, 578 F.2d at 1233 (Heaney, J.), 1238 (Lay, J., concurring). On the overall record we are satisfied that there existed no prejudicial error in their admissibility. It was up to the jury to believe or disbelieve Smith's defense. It is obvious on two occasions that they found his testimony not credible. We are satisfied that Smith now has had a fair trial.

The judgment of conviction is affirmed.

---

4. As evidence of an ongoing conspiracy and that the statements were made "in further-ance" of the activity Selvera mentions his "affileration" and his "people".