**Harry Dino WORD, a/k/a Harry Dino Hurd, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 79–1171.**

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1979.

Decided Aug. 22, 1979.

Rehearing and Rehearing En Banc Denied Oct. 1, 1979.

**1128**

Philip M. Moomaw, Asst. Federal Public Defender (argued), Springfield, Mo., and Thomas M. Bradshaw, Acting Federal Public Defender, Kansas City, Mo., on brief, for appellant.

Michael A. Jones, Asst. U.S. Atty. (argued), Springfield, Mo., and Ronald S. Reed, Jr. U.S. Atty., Kansas City, Mo., on brief, for appellee.

Before HEANEY and STEPHENSON, Circuit Judges, and MARKEY,* Chief Judge, United States Court of Customs and Patent Appeals.

---

\* HOWARD T. MARKEY, Chief Judge, United States Court of Customs and Patent Appeals, Washington, D. C., sitting by designation.

1. 28 U.S.C. § 2255 provides in pertinent part:
 A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

 [T]he court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds . . . that the sentence imposed was . . .

MARKEY, Chief Judge.

Word appeals the denial by Judge William R. Collinson of his motion to vacate judgment and sentence under 28 U.S.C. § 2255.[1] We affirm.

### Background

On May 1, 1974, a jury in the United States District Court for the Western District of Missouri found Word guilty of robbing a service club at Ft. Leonard Wood, Missouri. He was sentenced to life imprisonment. This court affirmed the conviction on July 16, 1975, but remanded for resentencing under 18 U.S.C. § 2111.[2] *United States v. Word*, 519 F.2d 612 (8th Cir. 1975). Word was resentenced to a term of fifteen years, the maximum under 18 U.S.C. § 2111. Word's petition for a writ of certiorari to the Supreme Court was denied. 423 U.S. 934, 96 S.Ct. 290, 46 L.Ed.2d 265 (1975).

On July 7, 1977, Word filed a motion for a new trial in view of newly discovered evidence. Judge Collinson denied that motion on February 3, 1978. Word filed this § 2255 motion on March 9, 1978, saying he was denied effective assistance of trial counsel.

A hearing on Word's § 2255 motion was held on August 30, 1978. At the hearing, Word testified about his attorney's conduct of the trial and produced three of the seven witnesses his trial attorney had allegedly failed to subpoena or interview; Rachel York, one of his beauty shop customers,

open to collateral attack . . . the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

An appeal may be taken to the court of appeals from the order entered on the motion as from the final judgment on application for a writ of habeas corpus.

2. 18 U.S.C. § 2111 provides:
 Whoever, within the special maritime and territorial jurisdiction of the United States, by force and violence, or by intimidation, takes from the person or presence of another anything of value, shall be imprisoned not more than fifteen years.

Charles Bratton, an acquaintance, and Mrs. Ethel Hurd, his mother.[3]

York testified that Word had styled her hair on the night of the robbery. When asked how she could remember that night, York said that it was the Friday night following her miscarriage. York said her miscarriage occurred on October 12 or 13, 1968. The following Friday was October 18, the date of the robbery.

The U.S. Attorney had not been aware of the alibi prior to the witness's testimony. After the hearing he contacted the hospital at Fort Leonard Wood, Missouri, and requested a copy of York's medical records relating to the miscarriage. The hospital staff said the records were in a regional office in St. Louis, Missouri. He phoned the regional office and was sent the records. They show that the miscarriage occurred October 9, 1968, placing York, by her testimony, in Word's beauty shop on October 11, 1968, a week before the robbery. Judge Collinson allowed the U.S. to submit York's hospital records by motion on October 6, 1978.

Bratton said two men involved in the robbery divided the loot at his home and discussed the robbery without mentioning Word.

Mrs. Hurd said she saw Word and York at the beauty shop at the time of the robbery.

### Issues

Word argues that Judge Collinson erred in (1) admitting and considering the hospi-

tal records, and (2) finding that Word had effective assistance of trial counsel.

### OPINION

#### (1) Admission of Records

■ A notation on the face of the hospital record transmittal sheet states that the request for the records was by telephone. The government admits that no written request was made. The statute, 5 U.S.C. § 552a(b)(7),[4] provides that a federal agency shall not disclose a record to another agency or instrumentality of the United States for law enforcement purposes except in response to a written request from the head of the agency or instrumentality.

Word makes the novel argument that we should apply an exclusionary rule to the records in this case. We disagree.

The exclusion rule is available only to the person whose constitutional rights were violated in the gathering of the challenged evidence or other illegal act. *Alderman v. United States*, 394 U.S. 165, 171–74, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969); *Jones v. United States*, 362 U.S. 257, 261, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). Lacking standing to object to violations of York's constitutional rights, Word has no standing to object to a violation of a statutory requirement dealing with York's government records. The remedy for violation of § 552a is vested by the statute in the individual whose records were improperly released. 5 U.S.C. § 552a(g).[5]

---

**3.** The four other witnesses were: Joel York, husband of Rachel York, Vernice Beckton, sister of Charles Bratton, and Ernest and Lilly Walker. Joel York and Vernice Beckton would have repeated the testimony of their wife and brother. Word produced no testimony or evidence indicating the relevance of the Walkers' testimony.

**4.** Section 552a provides in pertinent part:

(b) Conditions of disclosure.
No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record per-

tains, unless disclosure of the record would be—

(7) to another agency or to an instrumentality of any governmental jurisdiction within or under the control of the United States for a civil or criminal law enforcement activity if the activity is authorized by law, and if the head of the agency or instrumentality has made a written request to the agency which maintains the record specifying the particular portion desired and the law enforcement activity for which the record is sought;

**5.** Section 552a(g)(1) provides in pertinent part:
Whenever any agency

No need and no authority exists to design or grant a remedy exceeding that established in the statutory scheme.

### (2) Assistance of Counsel

 The appropriate standard of review on appeal from denial of a § 2255 motion was stated by this court in *Kress v. United States*, 411 F.2d 16, 20 (8th Cir. 1969):

> "[A] judgment cannot be lightly set aside by collateral attack, even on habeas corpus. When collaterally attacked, the judgment of a court carries with it a presumption of regularity". *Smith v. United States*, 8 Cir., 1964, 339 F.2d 519, 526, quoting *Johnson v. Zerbst*, 1938, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed.2d 1461. In a § 2255 proceeding, the burden of proof with regard to each ground for relief rests upon the petitioner, *Amer v. United States*, 8 Cir., 1966, 367 F.2d 803, 805; *Smith v. United States*, supra, 339 F.2d at 526; *Skinner v. United States*, 8 Cir., 1964, 326 F.2d 594, 597; and the findings of the trial court must be sustained unless clearly erroneous, *Amer v. United States*, supra, 367 F.2d at 806.

In *United States v. Easter*, 539 F.2d 663, 666 (8th Cir. 1976), *cert. denied*, 434 U.S. 844, 98 S.Ct. 145, 54 L.Ed.2d 109 (1977), this court established the standard for effective assistance of counsel as "the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances." To succeed, Word must show (1) counsel's failure to perform an essential duty, and (2) a resulting prejudice to Word's case. *Reynolds v. Mabry*, 574 F.2d 978, 980–81 (8th Cir. 1978); *McQueen v. Swenson*, 560 F.2d 959, 961 (8th Cir. 1977); *Thomas v. Wyrick*, 535 F.2d 407, 414 (8th Cir.), *cert. denied*, 429 U.S. 868, 97 S.Ct. 178, 50 L.Ed.2d 148 (1976). The record establishes that Word showed neither a failure of performance or a resulting prejudice.

Word says his trial attorney failed to (1) preserve statements for appellate review, (2) inform himself on the law, (3) seek to dismiss the indictment prior to trial, (4) interview witnesses, and (5) prepare the case for trial. At the hearing on his § 2255 motion, Word produced no evidence in support of claims (1), (2) and (3). In his brief here, Word makes general assertions concerning those claims. Judge Collinson correctly dismissed them.

Word's main contention at the hearing and on appeal is that his counsel (4) failed to interview witnesses who would have offered helpful testimony. Word and his three witnesses were examined and all but Bratton were cross-examined. Judge Collinson correctly ruled that Word had failed to meet his burden of showing that the witnesses would have been helpful to Word as his trial, finding that (a) the testimony of Bratton was cumulative to testimony at the trial, (b) York did not testify that she was with Word at the time of the robbery, and (c) the testimony of Word's mother probably was not available at the time of trial because she had fled Missouri and her testimony as Word's mother would have been impeachable. A review of the testimony of Word and the witnesses at the hearing establishes the absence of error in Judge Collinson's findings or in his conclusion based thereon.

Word's brief includes conclusionary statements concerning (5) a lack of preparation for trial. Word was indicted on a five count indictment for robbery, kidnapping and auto theft. Trial counsel obtained a severance of the robbery count.[6] Counsel met with Word several times, discussed trial strategy and potential witnesses, caused subpoenas to be issued for witnesses Word considered helpful, and interviewed the subpoenaed witnesses. The testimony of wit-

---

(D) fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual,
the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the

matters under the provisions of this subsection.

6. After Word's conviction on the robbery count, the four remaining counts were dropped. The statute of limitations expired and Word was never tried on those counts.

nesses interviewed and not called was considered inconsistent with Word's testimony and counsel so informed Word. Counsel's preparation was fully adequate.

Word failed to meet his burden. *Kress v. United States, supra.* His counsel exercised the "customary skills and diligence of a reasonably competent attorney" under the circumstances. *United States v. Easter, supra.* Judge Collinson's denial of Word's § 2255 motion was without error. It is accordingly affirmed.