Robert Harry PLANT, Appellant,

v.

Donald W. WYRICK, Warden, John Ashcroft, Attorney General, State of Missouri, Appellees.

No. 80–1301.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1980.

Decided Nov. 7, 1980.

John Ashcroft, Atty. Gen., Robert Lawrence Presson, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

Norman W. Pressman, MBE, St. Louis, Mo., for appellant.

Before STEPHENSON and HENLEY, Circuit Judges, and HUNTER, District Judge.*

PER CURIAM.

Robert Harry Plant appeals an order of the United States District Court for the Eastern District of Missouri[1] denying his petition for a writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2254. We affirm.

Appellant was convicted in the Circuit Court of St. Charles County, Missouri, of second degree burglary and stealing. He now contends, as he did before the district court, that his conviction and ensuing detention were secured in violation of the sixth amendment to the United States Constitution, more specifically in violation of his right to effective representation by counsel.

Appellant alleges that his trial counsel's failure to undertake adequate pretrial preparation and failure to request an alibi instruction rendered his representation ineffective.

From the materials before the court, essential facts concerning the offense and the state trial are clear.

---

* The Honorable Elmo B. Hunter, United States District Judge, Western District of Missouri.

1. The Honorable John F. Nangle, United States District Judge.

Soon after 4:00 a. m. on April 14, 1969 a burglary was committed at a clothing store in Washington, Missouri. Almost immediately an officer saw first one fugitive, then another, run from the vicinity of the store and down a street upon which was parked a 1965 Chevrolet automobile. In the automobile a quantity of men's suits was found.

One of the fleeing suspects, who proved to be the appellant, was arrested after a chase. His codefendant, Eddie Dorsey, was found a few minutes later hiding near the place where appellant was arrested. A key found in Dorsey's possession fit the trunk of the automobile in which some of the stolen suits were found.

Both appellant and Dorsey were charged with the burglary. A few days before their trial, Dorsey entered a plea of guilty. He later testified as a witness called by the State.

At appellant's trial the State called as witnesses the store owner, who testified to the occurrence of the burglary and identified some of the recovered clothing, the officers who arrested Dorsey and appellant, who testified to finding the Chevrolet automobile apparently used by the burglars, and Dorsey.

On direct examination Dorsey testified that he had borrowed the Chevrolet automobile and that he and appellant had been in the car together in Washington, Missouri.

On cross-examination Dorsey testified that appellant did not help in the burglary but had been at the time drunk and asleep in the front seat of the car. He said he asked appellant to help carry some suits that were still on the ground, that the two men went back to the store, but heard somebody and then ran away.

Prior to trial defense counsel interviewed appellant a number of times, spoke with the prosecutor, visited the scene of the crime and reviewed the prosecutor's file. When he went to Dorsey's home for an interview Dorsey was not there.[2]

In attempting to show ineffective counsel the defendant is faced with a heavy burden. *Johnson v. United States*, 506 F.2d 640, 645 (8th Cir. 1974), *cert. denied*, 420 U.S. 978, 95 S.Ct. 1404, 43 L.Ed.2d 659 (1975). He must show that his attorney failed to exercise the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances. *Morrow v. Parratt*, 574 F.2d 411, 412–13 (8th Cir. 1978) (citations and footnote omitted). *E. g., United States v. McMillan*, 606 F.2d 245, 247 (8th Cir. 1979); *Word v. United States*, 604 F.2d 1127, 1130 (8th Cir. 1979); *Beran v. United States*, 580 F.2d 324, 326 (8th Cir. 1978), *cert. denied*, 440 U.S. 946, 99 S.Ct. 1422, 59 L.Ed.2d 634 (1979); *Benson v. United States*, 552 F.2d 223, 224 (8th Cir.), *cert. denied*, 434 U.S. 851, 98 S.Ct. 164, 54 L.Ed.2d 120 (1977); *United States v. Easter*, 539 F.2d 663 (8th Cir. 1976).

As indicated, appellant primarily relies on counsel's failure to interview potential witnesses as evidencing inadequate trial preparation. On numerous other occasions, this court has addressed this precise allegation, *e. g., Word v. United States, supra,* 604 F.2d at 1130; *Beran v. United States, supra,* 580 F.2d at 327; *Benson v. United States, supra,* 552 F.2d at 225, and only rarely, under circumstances unlike those in the present case, have we found it sufficient to warrant a finding of ineffective counsel, *Morrow v. Parratt, supra,* 574 F.2d at 413; *Thomas v. Wyrick*, 535 F.2d 407, 413 (8th Cir.), *cert. denied*, 429 U.S. 868, 97 S.Ct. 178, 50 L.Ed.2d 148 (1976); *McQueen v. Swenson*, 498 F.2d 207, 216 (8th Cir. 1974).

Unlike *Thomas* and *McQueen*, we are not faced here with a situation where counsel did not interview potential witnesses as a matter of policy. The decision to forego witness interviews resulted rather from an experienced criminal attorney exercising his professional judgment.

[A]n attorney's professional judgment may lead him to decline to interview some or all of the government's witnesses

---

**2.** On the morning trial began counsel moved for a continuance in order that he might inter-

view and depose Dorsey. That motion was denied.

and to rely on other sources of information. Such an exercise of professional judgment will be given the same deference as any other.

535 F.2d at 413 n.7.

*Morrow* may also be distinguished from the present case. In *Morrow*, counsel advised the defendant to plead guilty. Counsel gave this advice despite information he had received from the defendant that indicated he was innocent. Armed with this information, counsel should have undertaken further investigation. In the present case, counsel was given no information by the defendant that would have led him reasonably to conclude that further investigation was necessary.

Appellant's only possible defense was that which counsel developed through cross–examination of Dorsey. By eliciting from Dorsey testimony to the effect that at the time of the burglary appellant was asleep in the car counsel put forward testimony which, if believed by the jury, could have resulted in appellant's acquittal.[3] It is not demonstrated that counsel's information as to Dorsey's testimony was in any way incomplete or inadequate. Indeed, on the facts of this case faulting counsel's defensive performance could be based only on sheer speculation.

Appellant's allegation that counsel was ineffective in failing to request an alibi instruction is perhaps based on a failure to understand that defense. At any rate, it is without merit. His only defense was that of lack of participation and that was asserted.

In sum, the appellant's claim of ineffective counsel is without merit and the judgment of the district court dismissing the petition is affirmed.

---

3. It is urged here that absent Dorsey's testimony there would have been no direct connection of appellant to the entire incident. While this argument is disputed by the circumstances, assuming its truth, appellant, absent Dorsey's testimony, would have had to rely solely on a weak "circumstantial evidence" defense.