Leonard E. SMITH, Appellant,

v.

UNITED STATES of America, Appellee.

No. 80–1528.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 17, 1980.

Decided Dec. 12, 1980.

Certiorari Denied Feb. 23, 1981.
See 101 S.Ct. 1397.

Thomas D. Thalken, First Asst. U. S. Atty., Omaha, Neb., for appellee.

Eric W. Kruger, Omaha, Neb., for appellant.

Before HEANEY, ADAMS,* and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

Appellant Smith appeals the dismissal of his 28 U.S.C. § 2255 petition by the United States District Court for the District of Nebraska.[1] Appellant moved for an evidentiary hearing and Judge Albert Schatz denied the motion. It is from this denial that appellant appeals. Appellant alleges that the district court erred in denying him an evidentiary hearing because a factual dispute had been shown and the files and records of the case did not conclusively show that the petitioner was entitled to no relief. We reverse in part and affirm in part.

Appellant Smith was indicted and charged with conspiring to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1); 846. A jury convicted Smith, Myron Jackson, Russell Spearman and Faustino Selvera on April 26, 1977. On May 17, 1978, this court, in a divided decision, affirmed the conviction of all defendants except Smith. *United States v. Smith*, 578 F.2d 1227 (8th Cir. 1978) (Lay, J., concurring) (Ross, J., concurring and dissenting). Smith was given a new trial because prejudicial evidence was erroneously admitted during the first trial. *Id.* at 1233–35 (Heaney, J.), 1238 (Lay, J., concurring).

Upon retrial on November 21, 1978, appellant was again convicted and on January 4, 1979, Judge Schatz sentenced appellant to a term of imprisonment of seven years followed by a special three–year parole term. This court affirmed appellant Smith's conviction in *United States v. Smith*, 600 F.2d 149 (8th Cir. 1979). Smith commenced his sentence on August 1, 1979. A motion for reduction of sentence under Rule 35 of the Federal Rules of Criminal Procedure was denied on December 27, 1979.

The present section 2255 action was filed on April 16, 1980. Smith seeks to have his

---

* The Honorable Arlin M. Adams, United States Circuit Judge for the Third Circuit, sitting by designation.

1. The Honorable Albert G. Schatz, United States District Judge for the District of Nebraska.

sentence vacated and set aside. Appellant claims, *inter alia*, that the district court in the second trial imposed an excessive and unlawful sentence through the imposition of a special parole term to follow defendant's term of imprisonment. The district court denied this 28 U.S.C. § 2255 claim without an evidentiary hearing. Appellant also alleges on appeal that the district court improperly denied him an evidentiary hearing pursuant to his 28 U.S.C. § 2255 claims.

## ISSUES RAISED ON APPEAL

At the outset we note that there are differences in the issues raised and considered in the appellant's original petition, the district court's findings, the appellant's brief, and the government's appellate brief. After considering all of the foregoing documents, we have concluded that the issues raised by appellant in this appeal requiring consideration are as follows: (1) the statute did not authorize the special parole term imposed; (2) the prosecution improperly withheld a witness; (3) the prosecution failed to disclose evidence favorable to appellant; (4) the pre–sentence report contained erroneous information; (5) through delay in retrial the district court violated 18 U.S.C. § 3161 (the Speedy Trial Act); (6) defendant was denied a fair trial because of ineffective assistance of counsel; (7) erroneous information was given to the parole commission; (8) erroneous and misleading information was given to the grand jury; and (9) taped recordings were improperly admitted and other tapes favorable to appellant were withheld. The district court considered the following asserted grounds for relief: (1) admission at trial of certain tape recorded conversations of alleged co–conspirators of the defendant; (2) inclusion in the presentence report of erroneous and misleading information; (3) presentation to the grand jury of erroneous and misleading information; (4) ineffective assistance of counsel; and (5) excessive and unlawful sentence through the court's imposition of a special parole term following defendant's term of imprisonment. The district court concluded that the foregoing grounds were without merit and denied the motion to vacate sentence.

## FACTUAL BACKGROUND

Briefly, the facts concerning the conviction are as follows. The original trial lasted two weeks. Apparently, there were over fifty unindicted co–conspirators involved in this massive heroin prosecution. The government's primary witness in the first and second trial was Ike Conway, who had served as an informant in the investigation of the conspiracy after he was arrested in September 1976. Appellant, Conway, Myron Jackson and Russell Spearman were involved from 1974 through 1975 in the purchase of heroin in Las Vegas, Nevada, and the transportation of it to Omaha, Nebraska, for distribution. Faustino Selvera became involved in the heroin traffic in March 1975. During this period appellant Smith was a policeman in Omaha.

In August 1975, Conway was arrested by appellant Smith after a high–speed motorcycle chase. Some pills, which at first the police thought were illegal but which later turned out not to be, were found in Conway's possession. Conway was hospitalized as a result of the chase and he was arrested for possession of the pills while he was in the hospital. The charge was later dropped and appellant Smith requested $2,000 for the withdrawal of the charge. Conway gave the money to Selvera to give to Smith. From this time on, Smith furnished protection and information to the group involved in the drug commerce in return for $250.00 a week.

Pursuant to an indictment for conspiracy to distribute heroin handed down by a federal grand jury for the district of Nebraska, Smith arrested Conway in September 1976. Conway could not make bond and Selvera refused to help him even though Selvera owed him several thousand dollars. As a result, Conway cooperated with the police. Conway was equipped with a body transmitter and taped various conversations he had with the other members of the conspiracy. In early December 1976, the police placed a wiretap on Selvera's phone. Tapes obtained by the bodytap and wiretap were

admitted into evidence at the first trial. The issue of the admissibility of these tapes was raised on the first appeal before this court. We reversed Smith's conviction on the basis that some of the tapes contained statements of co–conspirators who were not members of the conspiracy at the time the statements were made. *United States v. Smith, supra*, 578 F.2d at 1233–35. Upon retrial, the objectionable portions of the tape were not admitted. Appellant Smith was again convicted and we affirmed the conviction on appeal. *United States v. Smith, supra*, 600 F.2d at 153.

## DISCUSSION

*Special Parole Term*

■ Turning to the issues raised on this appeal, we first examine the special parole term imposed on defendant. The district court authorized this term under 21 U.S.C. § 841(b)(1)(A) and (C). It is abundantly clear and the government concedes that the parole term is improper in light of the recent United States Supreme Court decision, *Bifulco v. United States,* 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980).[2] We remand this case with an order to vacate the special parole term.

*Failure to Hold an Evidentiary Hearing*

■ The remaining issues center around appellant's allegation that he was improperly denied his right to an evidentiary hearing on his section 2255 claims. Such a hearing must be granted when the facts alleged in the motion would justify relief, if true, or when a factual dispute arises as to whether or not a constitutional right is being denied. *Smith v. United States*, 618 F.2d 507, 510 (8th Cir. 1980); *Lindhorst v. United States*, 585 F.2d 361, 364 (8th Cir. 1978) (citing *Cain v. United States*, 271 F.2d 337, 338 (8th Cir. 1959)).

■ Appellant's first contention is that the prosecution withheld a witness, Paulette Conway, during the second trial even though she was available to testify. Appellant argues that it was error for the prosecution to have her testimony from the previous trial read into the record at the second trial. It was disclosed to the court that she was absent for medical reasons. We note that defense counsel at the second trial did not object to witness Conway's absence. Furthermore, there was vigorous cross–examination of her during the first trial. If defendant had desired to further cross–examine the witness, he should have made an objection or made some attempt to subpoena her as a hostile witness. It is thus clear from the record that the district court did not err in finding that the failure to have the witness present did not deny the defendant a fair trial. Furthermore, if there was error it should have been raised on direct appeal. It is not subject to collateral attack. *See Glouser v. United States*, 296 F.2d 853, 857–58 (8th Cir. 1961), *cert. denied*, 369 U.S. 825, 82 S.Ct. 840, 7 L.Ed.2d 789 (1962). The district court did not err in disposing of this claim without an evidentiary hearing.

■ As his second ground for relief, appellant claims that the prosecution refused to disclose certain evidence. Appellant, however, does not describe this information or, for that matter, give any description of what it might be. While we do not require complete specificity in a matter of this type, we do need sufficient allegations of facts which, if true, would justify relief. "Merely stating unsupported conclusions will not suffice." *Woods v. United States*, 567 F.2d 861, 863 (8th Cir. 1978). Sufficient facts have not been here alleged. Furthermore, in light of the United States Attorney's denial of any refusal to provide evidence, the great amount of information provided by the prosecution, and the complete lack of any evidence of the withholding of information, the district court did not err in dismissing the claim without a hearing.

■ Appellant's third contention is that the pre–sentence report contained errone-

---

**2.** Judge Schatz has vacated *sua sponte* all such parole terms imposed in cases still within the district court's jurisdiction. Because this court had jurisdiction over the present case when Judge Schatz acted, this parole term was not vacated.

ous information. The record demonstrates that this claim is also without merit because during the second trial defendant admitted having seen the report and had no comment concerning its contents. As a result, the district court committed no error in its peremptory disposal of this claim.

■ A fourth contention is that appellant was denied a speedy trial because of approximately six months of delay between our order for retrial and the actual retrial. Initially we note that counsel for the appellant and the government filed a written stipulation on August 22, 1978, that the second trial be continued, subject to the approval of the court, until the October session. The court approved the stipulation. In general, 18 U.S.C. § 3161(e) requires retrial within seventy to one hundred eighty days after the filing of the order. However, 18 U.S.C. § 3162(a)(2) requires defendant to move for a dismissal of the indictment and "shall have the burden of proof of supporting such motion." A motion to dismiss was not made prior to trial by the defendant. By his failure to make such a motion, defendant waived his right to challenge the delay in a 28 U.S.C. § 2255 proceeding[3] and the district court did not err in dismissing this claim without an evidentiary hearing.

■ The fifth and broadest contention of appellant is that he was denied a fair trial through ineffective assistance of counsel. To sustain such a challenge, defendant must demonstrate that the attorney did not exercise customary skills and diligence that a reasonably competent attorney would perform under similar circumstances. *Plant v. Wyrick*, 636 F.2d 188, (8th Cir. 1980); *United States v. Easter*, 539 F.2d 663, 666 (8th Cir. 1976), *cert. denied*, 434 U.S. 844, 98 S.Ct. 145, 54 L.Ed.2d 109; *Johnson v. United States*, 506 F.2d 640, 645 (8th Cir. 1974), *cert. denied*, 420 U.S. 978, 95 S.Ct. 1404, 43 L.Ed.2d 659 (1975); *see Crismon v. United States*, 510

F.2d 356, 358 (8th Cir. 1975); *Robinson v. United States*, 448 F.2d 1255, 1256 (8th Cir. 1971). The allegedly deficient practices of trial counsel were his failure: (1) to file a motion for a speedy trial prior to his second trial; (2) to utilize certain police reports and discovery techniques; (3) to investigate all aspects of the case prior to trial; (4) to interview certain witnesses prior to trial; (5) to cross-examine certain witnesses; (6) to compel the prosecution to bring forth certain witnesses; and (7) to have appellant review the evidence that would be disclosed at trial.

■ We have previously discussed the speedy trial allegation. We add that 18 U.S.C. § 3161(h) provides many grounds that would justify an extension of time. Thus, the mere allegation that the trial was held later than the usual time is not in itself indicative of ineffective assistance of counsel. The defendant has the burden of proof of supporting a motion to dismiss the indictment because of delay in his trial. Here the record indicates the trial court conducted hearings on defendant's counsel's motion to suppress tapes or portions thereof prior to the second trial. The mandate of the court of appeals reversing appellant's first conviction was issued June 30, 1978, and was filed in the district court July 5, 1978. Appellant's re-trial commenced November 13, 1978. Under the circumstances, the lapse of approximately four months was not unreasonable. The ruling of this court with respect to the inadmissibility of certain tape recordings, *United States v. Smith, supra*, 578 F.2d at 1231–35, demonstrates the diligence of defendant's counsel prior to retrial. Under the circumstances, the stipulation with respect to trial in November was entirely reasonable.

The record shows that appellant's counsel vigorously cross-examined witnesses and competently presented evidence. Judge Schatz presided over both trials and therefore was familiar with the evidence and the

---

**3.** *See United States v. Didier*, 542 F.2d 1182 (2d Cir. 1976), wherein the Second Circuit recognized the possibility of a waiver under the act so long as the waiver was explicit. In the instant case there was an explicit written stipulation for a continuance of the trial approved by the court.

caliber and character of counsel's representation of appellant in both cases. To prove ineffective assistance of counsel, the appellant must sustain a heavy burden in showing that his attorney failed to exercise customary skills and diligence that a reasonably competent attorney would perform under similar circumstances. *Plant v. Wyrick, supra,* 636 F.2d 188; *Benson v. United States,* 552 F.2d 223, 224 (8th Cir.), *cert. denied,* 434 U.S. 851, 98 S.Ct. 164, 54 L.Ed.2d 210 (1977); *Morrow v. Parratt,* 574 F.2d 411, 412 (8th Cir. 1978); *Johnson v. United States, supra,* 506 F.2d at 645. Here, appellant has provided us with nothing more than conclusional allegations. No specific material facts have been alleged. For example, appellant does not tell us which discovery techniques were not used or what aspects of the case were not investigated. In view of the record, Judge Schatz's experience, the heavy burden placed on appellant in proving the allegation, and the conclusional nature of the pleadings, the district court did not err in concluding there were no facts alleged in the motion that would justify relief and that there was no factual dispute arising to the denial of a constitutional right. We conclude the district court did not err in disposing of this count without an evidentiary hearing.

▆▆▆ Defendant raises two other bases for an evidentiary hearing. Appellant alleges that improper information was given to the parole commission. Because appellant is not incarcerated in Nebraska and such an allegation must be heard in the place of confinement, this claim is not cognizable in this action. *Smith v. United States, supra,* 618 F.2d at 510. Also, appellant alleges that the grand jury proceedings were improper. Appellant has not alleged facts that would justify relief. In fact,

appellant has not alleged any facts, but, instead, merely has made a conclusional allegation. As we have noted elsewhere in this opinion, the appellant must allege facts which, if proven, would justify relief. This requires more than a general allegation as appellant has made here. In light of the aforementioned defect in these claims, the district court did not err in dismissing these grounds without an evidentiary hearing.[4]

We have examined appellant's remaining allegations and find them to be without merit.

Affirmed in part, reversed and remanded in part.

---

4. We note that while not distinctly raised, defendant has alluded to the admissibility of certain tape recordings admitted at defendant's second trial. Because this court has dealt thoroughly with this matter, we find no error with the district court's disposal of any challenge on these grounds.

Another issue raised by appellant before the district court was whether there was sufficient evidence to convict appellant. The district court held an evidentiary hearing was not justified and disposed of the claim. While it is unclear whether this ruling has been appealed, we note that it does not appear the district court erred.