**In the Matter of THE COMPLAINT OF F & H BARGE CORPORATION, as Owner, and of D & H Corp., as Bareboat Charterer and Owner pro hac vice, of the Tug Mildred A, for Exoneration from or Limitation of Liability.**

and

**William E. Wallace, Plaintiff,**

v.

**D & H Corp., t/a C & P Tug and Barge Company, Defendant.**

Nos. 2:98cv118, 2:98cv150.

United States District Court,
E.D. Virginia,
Norfolk Division.

Dec. 2, 1998.

Philip N. Davey, Davey & Brogan, P.C., Norfolk, VA, for plaintiff/consolidated defendant.

Ralph Rabinowitz, Rabinowitz, Rafal, Swartz, Taliaferro & Gilbert, P.C., Norfolk, VA, for plaintiff/consolidated plaintiff.

## ORDER

PRINCE, United States Magistrate Judge.

The plaintiff, a merchant marine injured on the defendant's vessel, seeks damages under the Jones Act, 46 U.S.C.App. § 688 *et seq.* (1998), based on the defendant's alleged negligence in failing to maintain a safe workplace. In particular, he seeks, among other damages, compensation for the loss of future wages he would have garnered in his "usual occupation" as a merchant marine. In this discovery dispute, however, plaintiff attempts to withhold information that a federal agency now holds, that directly pertains to his status as a merchant marine, and that, according to defendant, would show the plaintiff did not occupy the lawful status of a merchant marine. Thus, the defendant argues, this information would thereby demonstrate that plaintiff cannot claim the loss of future wages for an occupation to which he did not lawfully belong.

For three reasons, the Court GRANTS the defendant's Motion to Compel the plaintiff to authorize release of plaintiff's "Application for License ... Merchant Mariner's Document or License," filed with and presently in the possession of the United States Coast Guard. The Court notes that plaintiff represented at oral argument that he had planned to release this information to defendant until he had read cases involving the Freedom of Information Act, 5 U.S.C. § 552 (1997) ("FOIA") and the Privacy Act, 5 U.S.C. § 552a(b) (1994) ("Act"). The Court believes, moreover, that plaintiff's understanding of those statutes does not govern the instant case.

■ First, while, as plaintiff argues, Congress did not intend FOIA to supplement civil discovery, it also has not required a special showing of relevance or need from private litigants to justify their FOIA requests. *United States Dept. of Justice v. Reporters Comm. For Freedom of the Press,* 489 U.S. 749, 771, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989); *see also North v. Walsh,* 881 F.2d 1088, 1096 (D.C.Cir.1989). And, because FOIA generally mandates the disclosure of agency-held records and allows the withholding of such in only narrowly-construed statutory exemptions, the Supreme Court has rejected a "judicial weighing of the benefits and evils of disclosure on a case-by-case basis." *NLRB v. Sears, Roebuck & Co.* 421 U.S. 132, 143 n.10, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975).

■ Accordingly, courts have allowed private litigants to obtain documents in

discovery via the FOIA. *See, e.g., Jackson v. First Fed. Sav.,* 709 F.Supp. 887, 889 (E.D.Ark.1989). In addition, the Supreme Court has also found that FOIA does not confer a private right of action on persons who have submitted information to federal agencies; hence, these persons cannot file suit to enjoin an agency from disclosing this information on the theory that a FOIA exemption bars disclosure. *Chrysler Corp. v. Brown,* 441 U.S. 281, 290–94, 99 S.Ct. 1705, 60 L.Ed.2d 208 (1979).

■ Here, the Court has found nothing in either party's submission showing that defendant has even made a FOIA request. Rather, defendant has merely issued subpoenas for information that plaintiff himself put at issue by claiming damages for lost wages as a merchant marine. *Compare* FED.R.CIV.P. 35(a) (1998) (court may order physical or mental examination of party when party's physical or mental condition is in dispute). Thus, since plaintiff cannot invoke FOIA as a barrier to relevant discovery requests, *see Reporters Comm. For Freedom of the Press,* 489 U.S. at 771, 109 S.Ct. 1468; *Chrysler Corp.,* 441 U.S. at 290–94, 99 S.Ct. 1705; *North v. Walsh,* 881 F.2d at 1096; *Jackson v. First Fed. Sav.,* 709 F.Supp. at 889, the Court finds plaintiff's reliance on FOIA unpersuasive.

*Baldrige v. Shapiro,* 455 U.S. 345, 102 S.Ct. 1103, 71 L.Ed.2d 199 (1982), cited by plaintiff, does not detract from the Court's finding. There, unlike here, a federal agency claimed that it could not disclose certain agency records pursuant to a FOIA request because another federal statute, the Census Act, expressly forbade it from doing so. *Id.* at 354, 102 S.Ct. 1103. The Supreme Court agreed and found the records exempt from disclosure. *Id.* at 358–59, 102 S.Ct. 1103. Since plaintiff has pointed to no statute that clearly forbids the Coast Guard from disclosing a license application, signed and sworn under the penalty of perjury, the Court finds *Baldrige* inapposite to the case at bar.

■ Second, nor does the Privacy Act shield plaintiff's application from discovery. In enacting this statute, Congress did create a private cause of action for damages for persons described in government records who suffered "adverse effect[s]" as a result of an agency's wilful or intentional disclosure of these records. *Pilon v. U.S. Dep't of Justice,* 73 F.3d 1111, 1112 (D.C.Cir.1996). The Act contains several exemptions, however, including one for disclosures mandated by the FOIA. 5 U.S.C. § 552a(b)(2). More importantly, the courts have found that the Act only provides a cause of action for damages or other relief; it does not serve as "an evidentiary exclusionary rule" barring the discovery and use of relevant documents by private litigants. *See Doe v. DiGenova,* 779 F.2d 74, 85 note 21 (D.C.Cir.1985) (citing with approval, *Word v. U.S.,* 604 F.2d 1127, 1129 (8th Cir.1979)).

■ In this case, plaintiff has relied upon both FOIA and the Act to claim a protection for his license application. Though the Court does not necessarily find this argument internally inconsistent in light of the Act's exemptions for FOIA requests, it does find his argument here equally unavailing, since plaintiff only raises the Act as an evidentiary bar to defendant's discovery request and not as a separate claim for damages. *See DiGenova,* 779 F.2d at 85 note 21.

And, as with plaintiff's line of FOIA authorities, the cases cited in support of the Act's application here also do not dissuade the Court. *Pilon,* 73 F.3d at 1113–16, for example, involved a former employee's claim for damages against an agency that disclosed information that, contrary to other agency public announcements, implicated him in a treason investigation. The court there primarily focused on the issue of whether that employee could still recover under the Act when the person receiving this disclosure already knew of its contents. *Id.* at 1117–23. Similarly, in *DiGenova,* 779 F.2d at 76–77, 82, the court had to determine whether a criminal sus-

pect had a valid claim under the Act when an agency had previously disclosed his medical records pursuant to a grand jury subpoena issued by a federal prosecutor.

Again, because plaintiff only seeks to use the Act as a shield against the discovery of relevant documents, and because plaintiff himself precipitated this discovery request by filing suit and claiming damages for the loss of future income as a merchant marine, he cannot liken his situation to either of those presented in Pilon, 73 F.3d at 1113–16, or in DiGenova, 779 F.2d at 76–77, 82. Further, the Court believes that since plaintiff has not clarified how the issue raised by defendant's Motion to Compel resembles the issues discussed in those authorities, he also cannot isolate the snippets quoted from these cases in his brief without first putting them in the correct legal and factual setting. Accordingly, plaintiff's reliance on these authorities does not bolster his arguments.

Third, even if, as plaintiff intimates, the Court had to engage in a balancing test as required by one of FOIA's or the Act's disclosure exemptions, it would still find plaintiff's arguments unpersuasive. Initially, the Court notes that plaintiff has focused on no particular exemption; rather, he wanders from exemption to exemption while citing and quoting from judicial opinions that interpret yet another. (See Pl.'s Mem. In Opp. to Def.'s Mot. to Compel, at 2–4.) Nonetheless, the Court finds that because plaintiff does not have a justifiable privacy interest in the license application held by the U.S. Coast Guard, none of these exemptions would bar its disclosure. See, e.g., 5 U.S.C. § 552(b)(6).

As noted, some of these exemptions do require courts to weigh the privacy interest individuals have in government records against the public interest in disclosure. See id.; see also Dep't of Air Force v. Rose, 425 U.S. 352, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976); Brown v. F.B.I., 658 F.2d 71, 74–75 (2nd Cir.1981). For instance, exemption (6), which plaintiff apparently relies upon (see Pl.'s Mem. In Opp. to Def.'s Mot. to Compel, at 3–4), protects from disclosure those "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." 5 U.S.C. § 552(b)(6). In construing this provision, however, courts have emphasized that no "blanket exemption" protects these types of files from disclosure; to the contrary, they have found that such files are exempt only to the extent that disclosure would amount to a "clearly unwarranted invasion of privacy." Rose, 425 U.S. at 371–73, 96 S.Ct. 1592; accord Columbia Packing Co. v. Dept. of Agriculture, 563 F.2d 495, 500 n.3 (1st Cir.1977).

Here, the Court again finds that because plaintiff has launched a lawsuit that, among other things, seeks damages arising out of his status as a merchant marine, he himself has invited scrutiny of his claim in general, and of this license application in particular. See id. To do otherwise, in this Court's view, would do violence to the truth-seeking mission of the discovery process. In plaintiff's view, on the other hand, parties could claim damages or other relief without fairly or fully subjecting their claim to the rigors of evidence or proof. This Court is wholly unprepared to allow for such a development.

For this same reason, the Court also finds Brown v. F.B.I., 658 F.2d 71, 75, distinguishable from the instant case. There, a criminal defendant requested under FOIA all government documents pertaining to the victim of his crime, including information relating to the victim's custody of her children or her use, if any, of drugs. Id. at 72. The court found this request unwarranted under 5 U.S.C. § 552(b)(6), reasoning that while the victim testified at the defendant's trial, she "certainly did not initiate these [requested] disclosures" by testifying. Id. at 75. Accordingly, since plaintiff has, in effect, "initiate[d] these disclosures" by seeking damages for lost wages as a merchant marine, the Court

believes he has also misplaced his reliance on *Brown v. F.B.I.*, 658 F.2d at 75.[1]

The Court, therefore, ORDERS plaintiff to execute and authorize the release of his license application as requested by defendant.

The Clerk is DIRECTED to mail copies of this Order to counsel of record for all parties.

---

1. Plaintiff does nothing more than mention the Privacy Act exemption codified at 5 U.S.C. § 552a(b)(11), which immunizes an agency from liability when a court orders the disclosure of the agency records at issue. He has cited no case law that supports his apparent interpretation of that provision, and *Doe v. DiGenova*, 779 F.2d 74, 81–84 (D.C.Cir.1985), only discusses 5 U.S.C. § 552a(b)(11) in the context of whether a federal prosecutor's grand jury subpoena constitutes a court order. Because the Court has already found that plaintiff has no cognizable privacy interest in his license application, and because plaintiff has not properly raised this argument for judicial review, it finds plaintiff's mention of this provision also does nothing to change or improve his claim.