**James Earl YOUNG, Sr., Appellant,**

v.

**STATE OF ARKANSAS et al., Appellees.**

**No. 75–1784.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 15, 1976.

Decided April 22, 1976.

James Earl Young, pro se.

Jim Guy Tucker, Atty. Gen., and Gary Isbell, Asst. Atty. Gen., State of Ark., Little Rock, Ark., for appellees.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

James Earl Young, Sr., an Arkansas state prisoner, appeals from the District Court's dismissal of his petition for habeas corpus for failure to exhaust state remedies. We affirm.

The appellant was convicted in an Arkansas state court of possession of stolen property of a value greater than $35.00, in violation of Ark.Stat.Ann. § 41–3938. He was sentenced to thirty-one years imprisonment, under the Arkansas Habitual Offender Statute, Ark.Stat.Ann. § 43–2328.

From his conviction, the appellant filed a direct appeal to the Arkansas Supreme Court raising two issues: (1) that he had not been brought to trial within one hundred and eighty days of demand, as re-quired by the Arkansas version of the Interstate Agreement on Detainers, Ark.Stat. Ann. § 43–3201, and (2) that certain evidence used at trial was the fruit of an illegal search. The Arkansas Supreme Court found both of these contentions to be without merit and affirmed the conviction.

In his petition for habeas corpus under 28 U.S.C. § 2254 below, the appellant asserted two grounds for relief: (1) that he was denied his Sixth Amendment right to a speedy trial; and (2) that there was insufficient evidence that the stolen property found in his possession exceeded the statutory amount required for a conviction under Ark.Stat.Ann. § 41–3938.

The District Court dismissed his speedy trial argument finding that the appellant had asserted in his direct appeal to the Arkansas Supreme Court only the alleged violation of Ark.Stat.Ann. § 43–3201 and not the Sixth Amendment argument now raised. As to the second ground, the District Court found that the appellant had not raised the issue at all in state court. The court, therefore, denied the petition for failure to exhaust available state remedies.

The record discloses that the appellant did not raise in state court either the Sixth Amendment argument or the insufficient evidence of the value of the stolen goods claim raised in federal court. Until the appellant raises these issues in state court, he has not exhausted his available state remedies.[1] The District Court was correct in denying the appellant's petition on that ground. *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Blunt v. Wolff*, 501 F.2d 1138 (8th Cir. 1974).

The appellant also contends on appeal that the evidence used at trial was the fruit of an unlawful search. While this argument was exhausted in state court, it was not presented to the District Court. It cannot be considered for the first time here. *United States v. Sappington*, 527 F.2d 508 (8th Cir. 1975).

We affirm.

---

1. We note, as did the District Court, that the appellant has not yet availed himself of post-conviction relief available to him under Rule 37 of the Arkansas Rules of Criminal Procedure.