**Fay Monroe VAN METER, Petitioner,**

v.

**STATE OF IOWA, Respondent.**

No. 78–1097.

United States Court of Appeals,
Eighth Circuit.

June 30, 1978.

Fay Monroe Van Meter, pro se.

Richard C. Turner, Atty. Gen., and Thomas D. McGrane, Asst. Atty. Gen., Des Moines, Iowa, for respondent.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

Fay Monroe Van Meter, an Iowa state prisoner, appeals from the district court's[1] denial of his petition for habeas corpus. We affirm.

In two trials in Iowa state courts, Van Meter was convicted on separate charges of falsely drawing and uttering a check, in violation of Iowa Code § 713.3 (1973). He was sentenced to a term of imprisonment of seven years on each conviction, the terms to be served concurrently.

These convictions were appealed together to the Court of Appeals of Iowa. On appeal, Van Meter raised three issues: (1) that the trial court erred in imposing court-appointed counsel upon Van Meter over his objection; (2) that the trial court failed to give proper jury instructions on the use of evidence concerning an earlier conviction; and (3) that the trial court erred in refusing to sustain Van Meter's motions for a directed verdict. The Court of Appeals of Iowa found these contentions to be without merit and affirmed both convictions.

In his petition for habeas corpus to the federal district court under 28 U.S.C. § 2254, Van Meter raised the same claims for relief as were asserted in the Court of Appeals of Iowa, and an additional claim that he suffered from the ineffective assistance of counsel at both trials. In its well-reasoned order, the district court found no merit in any of the three claims which had been raised in the Court of Appeals of Iowa. *Van Meter v. Iowa*, Nos. C 77–3027, C 77–3028, C 77–3029 (N.D.Iowa, May 11,

---

1. The Honorable Edward J. McManus, Chief Judge, United States District Court for the Northern District of Iowa.

1978) (unpublished). As to the claim of ineffective assistance of counsel, the district court found that Van Meter had failed to raise the issue in state court. The district court, therefore, denied the claim on the ground that Van Meter failed to exhaust available state remedies.

■ In this appeal, Van Meter first contends that the district court failed to give proper consideration to his petition for habeas corpus, and improperly failed to hold an evidentiary hearing. After a careful consideration of the trial record, briefs and petitions of the parties, this court has concluded that the district court acted correctly in denying relief to Van Meter. Van Meter indicated no ability to introduce additional evidence which might justify collateral relief. Where the state court records fairly present the issues to be considered, under the principles of *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), the federal district court need not hold an evidentiary hearing. *Jones v. Swenson*, 469 F.2d 535, 537 (8th Cir. 1972), *cert. denied*, 412 U.S. 929, 93 S.Ct. 2756, 37 L.Ed.2d 156 (1973).

■ Van Meter also raises questions relating to his court-appointed counsel. The questions of pro se representation at trial and effectiveness of representation of appointed counsel were addressed by the district court, and this court affirms the dismissal of these claims, for the reasons expressed in the order of the district court. *Van Meter v. Iowa, supra.* In addition, Van Meter asserts that he should have had counsel of his own choice appointed for purposes of this appeal. This court has made two appointments of counsel, neither

of which Van Meter would accept.[2] Van Meter has no absolute right to counsel of his own choosing. *United States v. Hampton*, 457 F.2d 299, 301 (7th Cir.), *cert. denied*, 409 U.S. 856, 93 S.Ct. 136, 34 L.Ed.2d 101 (1972). Further, it is the policy of this court that selection of counsel is within the discretion of the court.[3]

■ Finally, Van Meter asserts that his sentences are not running concurrently as was ordered by the trial court. This contention has not been presented to either the state court or the federal district court, and accordingly may not be considered here for the first time. *Young v. Arkansas*, 533 F.2d 1079, 1080 (8th Cir. 1976). In passing, this court notes that correspondence in January 1978 between the supervisor of records for the Iowa State Penitentiary and the sentencing judge of the Iowa district court appears to have cleared up any confusion and the sentences are concurrent.

Accordingly, the order of the district court is affirmed.

Affirmed.

2. On February 9, 1978, this court appointed Barbara Schwartz, of the Prisoners Assistance Clinic, College of Law, University of Iowa, as counsel for Van Meter. Van Meter resisted Schwartz's attempts to arrange a meeting with him at the Iowa State Penitentiary at Fort Madison. On February 22, 1978, Van Meter made written application to this court that Schwartz be relieved as counsel. By an order of March 9, 1978, this court relieved Schwartz and appointed Gordon E. Allen of Des Moines, Iowa, to represent Van Meter. Van Meter refused to cooperate with Allen, and again Van Meter

made written application to this court asking for a change of counsel. By an order of April 11, 1978, this court relieved Allen of further responsibility in representing Van Meter, and allowed Van Meter to proceed without counsel.

3. The Plan to Implement the Criminal Justice Act of 1964, as adopted by this court, expressly provides "Selection of counsel is the responsibility of the court, and a defendant may not demand the appointment of a particular attorney to represent him." Local Rules, appendix at 13.