Donald Garfield COX, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 40127.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Dec. 19, 1978.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 16, 1979.

William J. Shaw, Public Defender, William B. Haller, Asst. Public Defender, Clayton, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Eric Martin, Asst. Attys. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., Clayton, for respondent.

CRIST, Judge.

Movant was found guilty by a jury of murder in the first degree and sentenced by

the court to life imprisonment. His conviction was affirmed by this court. *State v. Cox*, 542 S.W.2d 40 (Mo.App.1976). Reference is made thereto for a detailed statement of facts.

Movant then filed his Rule 27.26 Motion contending ineffective assistance of counsel in that (1) his attorney failed to endorse two alibi witnesses in time to have them called at trial, and (2) he was prejudiced by his attorney's failure to preserve the issue of error in the admission into evidence of a double-shot picture taken of movant by the police after his arrest.

The trial court, after the appointment of counsel, dismissed appellant's motion without a hearing for failure to state a claim for relief. A denial of a motion without a hearing was equivalent to findings and conclusions opposed to the grounds stated in the motion. If the court was correct in its conclusion, its order is sufficient. *Stout v. State*, 543 S.W.2d 797, 798–799 (Mo.App.1976). We affirm the order of the trial court if it is not clearly erroneous and can be sustained on any ground, stated or not. *State ex rel. Reece v. Campbell*, 551 S.W.2d 292, 298 (Mo.App.1977).

The threshold requirement to plead ineffective assistance is to allege facts sufficient to establish that a duty existed upon counsel as to the movant. *See Haynes v. State*, 534 S.W.2d 552, 554 (Mo.App.1976). The allegation as to the failure to endorse witnesses is deficient in this respect, particularly in view of this court's discussion of issues related to movant's alibi defense on direct appeal. The trial court's order as to this point is not clearly erroneous and no error of law appears. We determine that an opinion with reference to movant's first contention would have no precedential value. The judgment of the trial court with reference thereto is affirmed in accordance with Rule 84.16(b).

Did movant have ineffective assistance of counsel by reason of his attorney's failure to complain in his motion for a new trial of the admission into evidence of a double-shot picture of movant? To establish ineffective assistance movant must establish such prejudicial conduct of counsel as to have resulted in a substantial deprivation of the right to a fair trial. *Nelson v. State*, 537 S.W.2d 689, 695 (Mo.App.1976); *see Haliburton v. State*, 546 S.W.2d 771, 774 (Mo.App.1977). The double-shot picture showed frontal and profile views. The shots were taken after his arrest. There was a writing on each view: Police Department Berkeley, Mo. 376 12–27–'73". An objection was made that the "photograph is a mug shot . . . it implies involvement with the police and police arrest." The objection was overruled and the picture was admitted into evidence and passed to the jury without covering the writing.

The writing should have been covered. *State v. Futrell*, 565 S.W.2d 465 (Mo. App.1978). But did its admission into evidence substantially deprive movant of his constitutional right to a fair trial? We think not.

The double-shot picture of movant was taken as part of the investigation of the murder for which he was ultimately charged. It did not imply that movant had a criminal record nor infer that it was taken in connection with any crime other than the one for which he was charged and convicted. The date on the picture coincided with the date of the murder for which movant was convicted. *State v. Poor*, 533 S.W.2d 245, 250–251 (Mo.App.1976).

The judgment is affirmed.

DOWD, P. J., and ALDEN A. STOCKARD, Special Judge, concur.