**UNITED STATES of America, Appellee,**

v.

**Alfonso DAVIS, Appellant.**

**No. 79–1758.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 22, 1980.

Decided Feb. 27, 1980.

Alfonso Davis, on brief pro se.

Thorwald H. Anderson, Jr., U. S. Atty., John M. Lee, Asst. U. S. Atty., and Sue Tank, Legal Intern, Minneapolis, Minn., on brief for appellee.

Before HEANEY, ROSS and HENLEY, Circuit Judges.

PER CURIAM.

In 1976 Alfonso Davis was convicted by a jury of two counts of aiding and abetting in the unlawful distribution of a Schedule I controlled substance in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, one count of conspiring to distribute a Schedule I controlled substance in violation of 21 U.S.C. § 846, and one count of unlawful possession of marijuana in violation of 21 U.S.C. § 841. His conviction was affirmed in *United States v. Davis*, 557 F.2d 1239 (8th Cir.), *cert. denied*, 434 U.S. 971, 98 S.Ct. 523, 54 L.Ed.2d 461 (1977).

This pro se post conviction petition was filed pursuant to 28 U.S.C. § 2255. As grounds for relief in the district court Davis alleged: (1) He was subjected to double jeopardy; (2) the transcribed trial record is incomplete; (3) his rap sheet contains 18 invalid convictions; and (4) he was denied effective assistance of counsel. His contentions were rejected by the district court and this pro se appeal followed.

On appeal Davis renews only one of the claims presented to the district court, the ineffective assistance of counsel claim. In addition, he contends the district court erred in dismissing his petition without a hearing. We affirm.

Davis argues he was denied effective assistance of counsel because his lawyer failed to contact and subpoena an alibi witness,

Jimmy Annin, and several other unnamed witnesses. In support of this contention, Davis attached two "exhibits" to his petition for relief. Among them is a letter from Davis' trial attorney, Mr. Phillip Resnick, in which Resnick states Davis informed him on the day of trial of the existence of the alibi witness, but that Annin told him he could not recall the dates on which Davis was with him and had no information that would benefit Davis' case. Also attached to the petition is an affidavit by Jimmy Annin stating he was never contacted by Davis' attorney, and that "[i]f called to testify, I could have testified to our records of where Alfonso Davis was at certain times and our records and cards would reveal this."

Assuming without deciding, as did the district court, that attorney Resnick should have interviewed Annin and did not do so, there is no evidence Davis was thereby prejudiced. The Annin affidavit is entirely vague. As the district court notes, Annin alleges no specific facts suggesting he could explain Davis' whereabouts on the day of the crime. Since there is no evidence Davis was prejudiced, his claim of ineffective assistance of counsel is without merit. *See Nevels v. Parratt*, 596 F.2d 344, 346 (8th Cir. 1979).

Davis' claim that other unnamed persons should have been and were not interviewed is vague and conclusory, and therefore equally meritless.

Since it conclusively appears from the files and records of this case that Davis is entitled to no relief, the district court did not err in denying relief without a hearing. *See United States v. Beck*, 606 F.2d 814, 816 (8th Cir. 1979); *Lindhorst v. United States*, 585 F.2d 361, 364 (8th Cir. 1978).

The judgment is affirmed.