**Donald Garfield COX, Appellant,**

v.

**Donald WYRICK, Warden, Appellee.**

No. 80–1462.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 11, 1980.

Decided Feb. 25, 1981.

Rehearing Denied March 20, 1981.

---

Robert O. Appleton, Jr., Clayton, Mo., court-appointed, for appellant.

John Ashcroft, Atty. Gen., Michael H. Finkelstein, Asst. Atty. Gen., argued, Jefferson City, Mo., for appellee.

Before HEANEY, ROSS and McMILLIAN, Circuit Judges.

ROSS, Circuit Judge.

Donald Garfield Cox appeals the district court's [1] denial of his application pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. We affirm.

Petitioner Cox, a Missouri state prisoner, was convicted of murder in the Circuit Court of St. Louis County, Missouri, on December 6, 1974. His conviction was affirmed on appeal, *State v. Cox*, 542 S.W.2d 40 (Mo.App.1976), and his Rule 27.26 motion denied. *Cox v. State*, 578 S.W.2d 54 (Mo. App.1978). Cox thereafter filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The district court denied Cox's application and he now appeals, contending: (1) that a sanction order issued by the trial judge had the effect of unconstitutionally precluding Cox from testifying on his own behalf at trial, and (2) that Cox was denied

---

1. The Honorable H. Kenneth Wangelin, Chief Judge of the United States District Court for the Eastern District of Missouri.

his sixth amendment right to effective assistance of counsel at the state trial.

# I

The sanction order was the result of Cox's refusal to fully respond to the state's pretrial motion pursuant to Missouri Rule of Criminal Procedure 25.34(A)(5)[2] to produce, *inter alia*, the names and addresses of witnesses to any alibi defense as well as the location of such alibi defense. Cox's answer, in pertinent part, explained that he intended to rely on an alibi defense, but that the location where he claimed to have been was uncertain. He refused to disclose the names and addresses of any witnesses to establish that alibi "other than all state's witnesses."

Because of the vagueness of Cox's answer, the state moved to compel[3] Cox to notify it of any intent to rely on the defense of alibi, the location where the defendant claimed to have been, and the names and addresses of any witnesses to establish the alibi. Through his attorney, Cox responded that "the defense may assert that Defendant was not present at the scene of the crime when it occurred. His location is uncertain. Other than the Defendant, should he testify, I have no witnesses or addresses to give you."

As a sanction for his refusal to supply the prosecution with the requested alibi information, the trial court issued a preclusion order preventing Cox from testifying as to his location at the time of the alleged murder. Cox did not testify on his own behalf at trial, although the state introduced a videotaped statement made by Cox when he

was arrested. In that videotape Cox stated that he was driving a car with a girlfriend at the time of the murder. When asked the name of the girlfriend, Cox replied, "It's a girl, I'd rather not say, cause she's married." The trial judge then addressed Cox from the bench. Cox was informed that he had the absolute right to take the stand. He was advised, however, that if he chose to testify, the prosecution had every right to bring out on cross-examination two prior convictions. In addition, Cox was reminded of the court's ruling precluding him from testifying as to his whereabouts on the day of the murder.

Before instructing the jury, the trial judge again addressed Cox and his attorney concerning Cox's refusal to disclose his alibi location and witnesses. He asked, "Mr. Cox, I understand at this time that you have decided that you are not going to testify in your own defense, is that correct, sir?" Cox replied, "Yes sir." The judge then asked, "Is that your decision based solely or partly on that Order?" Cox replied, "Under the advisement of my attorney sir." Cox's attorney responded "Your Honor, on the basis of the Order to Produce particular places where he was." The defense attorney later remarked that he wanted to test this area of the law. Cox acknowledged that he agreed with his lawyer's advice not to testify. The defense also made clear that it did not offer or ask the court to give an alibi instruction.

At an evidentiary hearing on his petition, Cox testified that he did not consent to his attorney's refusal to comply with the prose-

**2.** Missouri Rule of Criminal Procedure 25.-34(A)(5) provides, "[s]ubject to Constitutional limitations," that the prosecution may request:

> If the defendant intends to rely on the defense of alibi and the state in its motion specifies the place, date and time of the crime charged, disclosure shall be in the form of a written statement by counsel for the defendant, announcing such intent and giving specific information as to the place at which the accused claims to have been at the time of the alleged offense, and, as particularly as is known, the names and addresses of the witnesses by whom he proposes to establish such alibi.

> The reciprocal part of the rule is set forth in Missouri Rules of Criminal Procedure 25.32 and 25.33.

**3.** Rule 25.45 of the Missouri Rules of Criminal Procedure provides sanctions for failure to comply with discovery:

> the court may order such party to make disclosure of material and information not previously disclosed, grant a continuance, exclude such evidence, or enter such other orders as it deems just under the circumstances.

cution's motion to compel notification of the alibi information. Although Cox wanted to withhold the name of the married woman he claimed he was with at the time of the murder, he asserted that he would have identified the woman had he known that withholding that information would result in the preclusion order.

Cox's attorney, on the other hand, testified that Cox had decided not to testify "long before the issue of the preclusion order" arose. He also testified that Cox was familiar with the criminal justice system and that Cox was aware of the possible consequences of his failure to respond to the request to produce the alibi information. The attorney testified that he and Cox mutually decided not to answer the order for the production of alibi evidence. When Cox's attorney was asked whether he suggested that the trial judge impose a sanction other than a preclusion order, the attorney stated "Oh, absolutely not," indicating that "it was trial strategy."

The magistrate found that

> Cox's decision not to testify and not to respond to the prosecutor's request for information and the trial court's order to provide information was the result of a personal and deliberate choice by Cox with the advice of counsel. Therefore, Cox decided not to testify in his own behalf for strategic and tactical reasons other than the trial court's alibi evidence preclusion order. For this reason, Cox is entitled to no habeas relief upon this constitutional claim.

The district court approved and adopted the magistrate's findings of fact and conclu-

sions of law. After a thorough review of the record, we are convinced that the district court's findings are supported by the evidence and are not clearly erroneous. Fed.R.Civ.P. 52(a). *Brown v. Swenson*, 487 F.2d 1236, 1241 (8th Cir. 1973), *cert. denied*, 416 U.S. 944, 94 S.Ct. 1952, 40 L.Ed.2d 296 (1974).

Petitioner acknowledges that the Missouri Rules of Criminal Procedure appear to comport with fifth amendment constitutional standards because the rule grants reciprocal discovery. *See Wardius v. Oregon*, 412 U.S. 470, 479, 93 S.Ct. 2208, 2214, 37 L.Ed.2d 82 (1973) (statute for criminal discovery held unconstitutional because state not required to grant reciprocal discovery), and *Williams v. Florida*, 399 U.S. 78, 85–86, 90 S.Ct. 1893, 1897–1898, 26 L.Ed.2d 446 (1970) (Florida notice-of-alibi statute held constitutional since defendant was permitted reciprocal discovery).[4]

Nonetheless, Cox contends that the preclusion order deprived him of his due process guarantees under the sixth amendment. Those guarantees include the right to "be present with counsel, have an opportunity to be heard, be confronted with witnesses against him, have the right to cross-examine, and to offer evidence of his own." *Specht v. Patterson*, 386 U.S. 605, 610, 87 S.Ct. 1209, 1212, 18 L.Ed.2d 326 (1967). None of those guarantees were abridged in the instant case.

■ Cox was not precluded by any order of the court from taking the stand. Indeed, the trial court's order merely precluded Cox from testifying as to his location or move-

---

**4.** In *Williams v. Florida*, 399 U.S. 78, 83 n.14, 90 S.Ct. 1893, 1897 n.14, 26 L.Ed.2d 446 (1970), the Court emphasized that

> this case does not involve the question of the validity of the threatened sanction, had petitioner chosen not to comply with the notice-of-alibi rule. Whether and to what extent a State can enforce discovery rules against a defendant who fails to comply, by excluding relevant, probative evidence is a question raising Sixth Amendment issues which we have no occasion to explore.

In *Wardius v. Oregon*, 412 U.S. 470, 472, 93 S.Ct. 2208, 2211, 37 L.Ed.2d 82 (1973) (footnote omitted), the Court stated as follows:

> The case thus squarely presents the question left open in *Williams*, and we granted certiorari so that this question could be resolved. 406 U.S. 957, 92 S.Ct. 2066, 32 L.Ed.2d 343 (1972).
>
> We hold that the Due Process Clause of the Fourteenth Amendment forbids enforcement of alibi rules unless reciprocal discovery rights are given to criminal defendants. Since the Oregon statute did not provide for reciprocal discovery, it was error for the court below to enforce it against petitioner, and his conviction must be reversed.

ments and the name of a witness with whom he claimed to be at the time of the alleged murder. Cox made no offer of proof as to any alibi and requested no alibi instruction from the court. Our review of the record convinces us that Cox decided not to testify for reasons of trial strategy unrelated to and in advance of the trial judge's issuance of the preclusion order. Under these circumstances, it is not essential for our disposition of this case to determine the validity of a restrictive order precluding limited testimony by a defendant under Rule 25.45 and whether that preclusion violated the defendant's constitutional right to present a defense and testify in his own behalf.

## II

■ Cox raises nine grounds in support of his contention that his trial attorney rendered ineffective assistance of counsel. Many of these claimed acts of incompetence are raised for the first time on this appeal and hence, are not cognizable by this court. *Young v. Arkansas*, 533 F.2d 1079, 1080 (8th Cir. 1976). It is the rule in this circuit that "when a petition contains both unexhausted claims and unrelated, exhausted claims, the district court should determine those issues which have been exhausted." *Triplett v. Wyrick*, 549 F.2d 57, 59 (8th Cir. 1977). We therefore review the two claims of ineffective assistance of counsel considered by the district court: (1) that Cox's attorney failed to preserve as error the admission of a mugshot into evidence and (2) that Cox's trial counsel failed to interview, endorse, and call to testify two alibi witnesses whose testimony "could have effected [sic] whether or not [petitioner] would have testified."

■ Ineffective assistance of counsel is established where trial counsel "does not exercise the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances." *United States v. Easter*, 539 F.2d 663, 666 (8th Cir. 1976), *cert. denied*, 434 U.S. 844, 98 S.Ct. 145, 54 L.Ed.2d 109 (1977); *Word v. United States*, 604 F.2d 1127, 1130 (8th Cir. 1979). Counsel is presumed to be competent, *Thomas v. Wyrick*, 535 F.2d 407, 413 (8th Cir.), *cert. denied*, 429 U.S. 868, 97 S.Ct. 178, 50 L.Ed.2d 148 (1976). Petitioner must therefore "shoulder a heavy burden" to override this presumption. *Id.* Finally, in suits alleging ineffective assistance of counsel, "[o]nce the claim is raised judges must still make a legal judgment as to whether, in face of the allegations made and the proof adduced, the defendant was materially prejudiced in the defense of his case by the actions or inactions of his counsel." *Crismon v. United States*, 510 F.2d 356, 358 (8th Cir. 1975).

■ Petitioner primarily relies on counsel's failure to interview potential alibi witnesses as evidence of inadequate trial preparation. Cox's claim that unnamed alibi witnesses should have been but were not interviewed is without merit. Only rarely, under circumstances unlike those in the present case, has this court found counsel's failure to interview potential alibi witnesses sufficient to warrant a finding of ineffective assistance of counsel. *Thomas v. Wyrick, supra*, 535 F.2d at 413; *McQueen v. Swenson*, 498 F.2d 207, 216 (8th Cir. 1974). Unlike *Thomas* and *McQueen*, we are not faced here with a situation where counsel did not interview potential witnesses as a matter of policy. There is no evidence that the defendant gave counsel information which would have led him reasonably to conclude that further investigation was necessary. *Cf. Plant v. Wyrick*, 636 F.2d 188 at 189–190 (8th Cir. 1980).

The district court's findings that Cox stated insufficient facts to establish that Cox's attorney was provided with the identity of alibi witnesses but refused to meet with them or that the attorney conducted inadequate pretrial investigation of the case are not clearly erroneous. Fed.R.Civ.P. 52(a). As the district court found, no evidence of record demonstrates that Cox's counsel had any information as to the identity of the alibi witnesses. Moreover, the record clearly indicates that Cox had decided not to testify in any event. We have already concluded that Cox's reasons for not testifying were related to trial strategy

 

based on Cox's informed decision made in conjunction with his trial attorney. As such, they may not form a proper basis for a claim of ineffective assistance of counsel.[5]

Even assuming, without deciding, that Cox's attorney should have interviewed certain alibi witnesses and did not do so, there is no showing that Cox was thereby prejudiced. Since there is no evidence that Cox was prejudiced, his claim of ineffective assistance of counsel is without merit. *See United States v. Davis*, 616 F.2d 365, 366 (8th Cir. 1980). In sum, we agree with the district court that the petitioner's cognizable allegations of ineffective assistance of counsel for failure to preserve the issues raised by the preclusion order go to matters of trial strategy insufficient to render defense counsel's assistance ineffective.

Finally, we reject Cox's allegation that his attorney failed to preserve as error the admission of a mugshot into evidence. The evidence consisted of a single photograph of Cox taken by police on the day of the murder.

■■■■ Although we do not endorse the admission of mugshots as evidence, *United States v. Bohr*, 581 F.2d 1294, 1299 (8th Cir.), *cert. denied*, 439 U.S. 958, 99 S.Ct. 361, 58 L.Ed.2d 351 (1978), we have not adopted a per se rule requiring reversal. *United States v. Runge*, 593 F.2d 66, 69 (8th Cir.), *cert. denied*, 444 U.S. 859, 100 S.Ct. 123, 62 L.Ed.2d 80 (1979). In this case, the record indicates that petitioner's hair color on the day of the crime differed from the color of his hair during the trial. Under these circumstances, the picture could have been admissible to show identity, *see* Fed.R.Evid. 404(b). Identity was an issue, and the picture was used to establish Cox's appearance at the time of the murder. We agree with the district court that the admission of the mugshot into evidence did not substantially deprive petitioner of his constitutional right

to a fair trial and that, therefore, counsel's failure to object to the admission of the photograph does not constitute plain error. Fed.R.Crim.P. 52(b). As such, it does not establish the requisite prejudice for reversal based on counsel's alleged ineffective assistance for failure to preserve as error the admission of the photograph into evidence.

The district court's denial of Cox's Section 2254 motion is accordingly affirmed.

McMILLIAN, Circuit Judge, concurs in part II of the opinion and in the result reached in part I.

---

5. As we said in *Robinson v. United States*, 448 F.2d 1255, 1256 (8th Cir. 1971) (citations omitted):

    Hindsight can always be utilized by those not in the fray so as to cast doubt on trial tactics a lawyer has used. Trial counsel's strategy will vary even among the most skilled lawyers. When that judgment exercised turns out to be wrong or even poorly advised, this fact alone cannot support a belated claim of ineffective counsel.