**Donald Garfield COX, Petitioner,**

v.

**Donald WYRICK, etc., Respondent.**

**No. 81–1281C (B).**

United States District Court,
E. D. Missouri, E. D.

Dec. 2, 1981.

Donald Garfield Cox, Jefferson City, Mo., pro se.

Michael Elbein, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## MEMORANDUM OPINION

REGAN, District Judge.

Donald Garfield Cox, a prisoner of the state of Missouri, is presently serving a sentence of life imprisonment imposed on him by the Circuit Court of St. Louis County, following his December 6, 1974 conviction of the crime of murder first degree. His appeal proved unsuccessful *State v.*

*Cox*, 542 S.W.2d 40 (Mo.App.1976), as did his Rule 27.26 motion (*Cox v. State*, 578 S.W.2d 54 (Mo.App.1978)).

Following his exhaustion of state remedies, Cox filed a pro se application in this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. An evidentiary hearing was held at which Cox was represented by an appointed attorney, following which Judge Wangelin of this court denied habeas relief. Cox unsuccessfully appealed the denial "contending: (1) that a sanction order issued by the (state) trial judge had the effect of unconstitutionally precluding Cox from testifying on his own behalf at trial, and (2) that Cox was denied his sixth amendment right to effective assistance of counsel at the state trial." *Cox v. Wyrick*, 642 F.2d 222 (8th Cir. 1981).

Before us is a second petition for a writ of habeas corpus. Citing the earlier application and its disposition, respondent urges that the present petition be dismissed pursuant to Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts which provides that a second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits.

We take judicial notice of the file in the proceeding before Judge Wangelin (Cause No. 79–41C (1)) together with the exhibits therein (the state trial transcript, the briefs in the direct appeal, the opinion of the Missouri Court of Appeals affirming the conviction, the motion for rehearing or to transfer, the state post-conviction Rule 27.-26 transcript, the briefs filed on the appeal from the denial of the motion and the opinion of the Missouri Court of Appeals affirming the denial of post-conviction relief), as well as the opinion of the Court of Appeals ruling the earlier habeas corpus application.

In his present petition, Cox states as the ground therefor that "Court procedures interfered with the preparation of my defense, thus unconstitutionally abrigiding (sic) my Sixth Amendment right to effective assistance of counsel." In support of this contention, petitioner alleges that in response to a pretrial motion of the state pursuant to Missouri Rule of Criminal Procedure 25.34(A)(5) to disclose whether he intended to rely on the defense of alibi, and if so to give specific information as to the place at which he claimed to have been and, as particularly as was known, the names and addresses of the witnesses by whom he proposed to establish such alibi, he provided the requested information. He further alleges that he "prepared for trial by planning a defense that would consist of Petitioner giving personal testimony concerning alibi and absence from the scene of the alleged crime", but that the trial court issued a preclusionary order [on the premise the response was deficient] which "effectively destroyed his planned and prepared defense" of alibi "thereby denying Petitioner effective assistance of counsel and the exercising of Petitioner's Sixth Amendment right to present evidence in his own behalf."

It is thus apparent that the basic ground relied on is the alleged prejudice to Cox resulting from the preclusionary order as measured against his Sixth Amendment rights. This is precisely what was ruled adversely to Cox on the basis of the evidentiary hearing held on his prior application for habeas relief. Contrary to petitioner's allegation that he provided the information requested by the state, the facts are that Cox not only failed to furnish specific information as to the place at which he claimed to have been, but stated only that "(h)is location is uncertain." So, too, although Cox had claimed (but not in his response) to have been in an automobile in the company of a (married) girl friend at the time of the murder, he stated only that "(o)ther than the defendant, should he testify, I have no witnesses or addresses to give you."

Following the evidentiary hearing at which Cox, his public defender attorney, the trial judge and the prosecutor testified, Judge Wangelin approved the finding of the magistrate that Cox's decision not to testify or to provide the requested informa-

tion was not the result of the preclusion order but had been reached long prior thereto. The Court of Appeals held on Cox's appeal: "After thorough review of the record, we are convinced that the district court's findings are supported by the evidence and are not clearly erroneous . . . . Our review of the record convinces us that Cox decided not to testify for reasons of trial strategy unrelated to and in advance of the trial judge's issuance of the preclusion order."

In our judgment, the same grounds presented in the instant application were determined on the merits adversely to Cox in his prior application and that the ends of justice would not be served by a rehearing of the merits. Accordingly, the petition for a writ of habeas corpus should be dismissed. An order to this effect will be entered.