UNITED STATES of America, Appellee,

v.

Donald Harold BONGARD, Appellant.

No. 83–1185.

United States Court of Appeals,
Eighth Circuit.

Submitted July 29, 1983.

Decided Aug. 9, 1983.

Rehearing Denied Sept. 9, 1983.

James M. Rosenbaum, U.S. Atty., Janice M. Symchych, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Daniel M. Scott, Federal Public Defender, D. Minn., Minneapolis, Minn., for appellant.

Before HEANEY, BRIGHT and FAGG, Circuit Judges.

PER CURIAM.

Donald Harold Bongard appeals from his jury conviction for interstate transportation of stolen property in violation of 18 U.S.C. § 2314 and conspiracy to transport stolen property in violation of 18 U.S.C. § 371. Bongard claims that he was denied a fair trial because the district court allowed a co-defendant to introduce his police mug shot. He further claims that the trial court abused its discretion in admitting the testimony of a government witness, offered to show Bongard's consciousness of guilt. We affirm.

In January and February of 1981 Bongard obtained molybdenum, a semi-precious metal used in the manufacture of steel, with knowledge that it was stolen from Minneapolis Electric Steel Castings Company. After transporting the metal from Minneapolis, Minnesota, to Chicago, Illinois, Bongard sold it to Leon Berg and Eddie Ross, who were doing business as the Suburban Waste Material Company. During an FBI investigation into the thefts, Ross and Berg were questioned about their company's molybdenum purchases. In an interview with Special Agent James Gretz on June 24, 1981, Berg denied knowing or ever hearing of Donald Bongard. The special agent showed Berg a photographic array of twenty-one police mug shots, including a mug shot of Bongard, and asked if any of the individuals pictured had ever delivered or sold molybdenum to him. Berg denied recognition of any of the persons in the photographic array.

At trial the government produced evidence in its case in chief of seven face-to-face meetings between Berg and Bongard. The government, however, did not call Agent Gretz to testify or introduce any of the photographs into evidence. Berg, suspecting that the government would present the testimony of Agent Gretz on rebuttal to impeach his testimony by showing that he was untruthful with Gretz in claiming he did not recognize Bongard's name or photograph, offered one of the photographs to show that Bongard's appearance had substantially changed since the picture was taken, thus explaining his inability to recognize Bongard's likeness during the FBI interview. Bongard objected to the photograph's introduction and moved for severance, arguing that the picture was clearly a mug shot and would make clear to the jury that he has a prior criminal history. The trial court overruled the objection and denied the motion for severance. Bongard claims the introduction of the photograph was unduly prejudicial and denied him a fair trial.

Although the use of obvious mug shots is disfavored, *Cox v. Wyrick*, 642 F.2d 222, 227 (8th Cir.), *cert. denied*, 451 U.S. 1021, 101 S.Ct. 3013, 69 L.Ed.2d 394 (1981); *United States v. Runge*, 593 F.2d 66, 69 (8th Cir.), *cert. denied*, 444 U.S. 859, 100 S.Ct. 123, 62 L.Ed.2d 80 (1979); *United States v. Bohr*, 581 F.2d 1294, 1299 (8th Cir.), *cert. denied*, 439 U.S. 958, 99 S.Ct. 361, 58 L.Ed.2d 351 (1978), any error in the admission of the mug shot was harmless beyond a reasonable doubt in light of the evidence of Bongard's guilt on the record as a whole. *See United States v. Runge, supra*, 593 F.2d at 69.

Bongard further argues that the district court abused its discretion in admitting the testimony of Gary Johnson. The government offered Johnson's testimony as evidence of Bongard's consciousness of guilt. Johnson testified that Bongard informed him that one of Johnson's friends was going to testify against him but that "everybody

else had kept their mouth shut." Bongard said that the friend's testimony could hurt him and asked Johnson to testify as to his friend's unreliability. Bongard offered to compensate Johnson for his testimony and told Johnson he "was to keep [his] mouth shut or people could be hurt." Bongard objected to the introduction of this testimony, arguing that it violated Fed.R.Evid. 403 because it was confusing, misleading, and unduly prejudicial. The trial court overruled the objection.

The government may introduce evidence of a defendant's attempts to influence prospective witnesses' testimony as long as the probative value of that evidence is not substantially outweighed by the danger of unfair prejudice. *See id.* at 69–70; *United States v. Hall,* 565 F.2d 1052, 1055 (8th Cir.1977). "[I]f the trial judge in the exercise of his discretion determines that the evidence should be admitted, we normally defer to his judgment." *United States v. Hall, supra,* 565 F.2d at 1055. We see no abuse of discretion by the district court in admitting Gary Johnson's testimony.

Accordingly, we affirm the judgment of the district court.