787 F.2d 590
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES L. JONES, Petitioner-Appellant,
v.
PERRY JOHNSON, Respondent-Appellee.
 84-1523
 United States Court of Appeals, Sixth Circuit.
 3/26/86
 
 AFFIRMED
 E.D.Mich.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 BEFORE: KEITH, KRUPANSKY, and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner James L. Jones appealed from the district court's judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. Petitioner was tried before a jury and convicted by a state court in Michigan of second degree murder, Mich. Comp. Laws Sec. 750.317, Mich. Stat. Ann. Sec. 28.549, on January 25, 1974. That conviction was summarily reversed on appeal by the Michigan Supreme Court. People v. Jones, 400 Mich. 810 (1977). Petitioner was thereafter retried and reconvicted by another jury and sentenced to 60 to 90 years of imprisonment with credit for time previously served. The second conviction was affirmed on direct appeal in the Michigan state courts and is the subject of the instant petition for habeas relief.
 
 
 2
 Although petitioner pressed a number of issues in his petition for habeas corpus relief in the district court, he has pursued only two assignments of error before this court on appellate review.
 
 
 3
 Initially, he assigned as error for the first time before this court infringements of his Fifth Amendment constitutional right against self-incrimination and his Sixth Amendment constitutional right to counsel based upon the introduction at his trial of certain statements elicited from him subsequent to the conclusion of a polygraph examination. This court's appellate review of a petition for habeas corpus relief is limited to reviewing those issues joined and presented to the district court. See Lyle v. Koehler, 720 F.2d 426, 428-29 (6th Cir. 1983); Brown v. Marshall, 704 F.2d 333, 334 (6th Cir.), cert. denied, 464 U.S. 835, 104 S.Ct. 120, 78 L.Ed.2d 119 (1983); Johnson v. Havener, 534 F.2d 1232, 1234 (6th Cir.), cert. denied, 429 U.S. 889, 97 S.Ct. 245, 50 L.Ed.2d 171 (1976); Young v. State of Arkansas, 533 F.2d 1079, 1080 (8th Cir. 1976). Petitioner having failed to present the above issue to the district court for consideration and disposition, it is accordingly dismissed.
 
 
 4
 Upon consideration of petitioner's charge of prosecutorial misconduct that deprived him of a fair trial, this court, upon a review of the decision of the district judge, concludes that the logic thereof addressing the issue is well-reasoned and correct. Accordingly, as to the allegations of prosecutorial misconduct, the district court's decision is AFFIRMED for the reasons stated in its opinion.