**Donald COX, Appellant,**

v.

**Donald WYRICK, Appellee.**

No. 88–2602.

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 1989.

Decided April 26, 1989.

Robert O. Appleton, Jr., Clayton, Mo., for appellant.

Jared R. Cone, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before BOWMAN and WOLLMAN, Circuit Judges, and HENLEY, Senior Circuit Judge.

HENLEY, Senior Circuit Judge.

In this appeal, Donald Cox challenges the district court's[1] denial of his successive application for a writ of habeas corpus, construed as a motion for reconsideration. *See* Fed.R.Civ.P. 60(b). We affirm.

The facts of this case are set forth in detail in a prior opinion of this court, *Cox v. Wyrick*, 642 F.2d 222 (8th Cir.), *cert. denied*, 451 U.S. 1021, 101 S.Ct. 3013, 69 L.Ed.2d 394 (1981), and need be restated only briefly here. In its prior opinion, this court affirmed the denial of Cox's initial 28 U.S.C. § 2254 petition for writ of habeas corpus, rejecting his claim that a preclusion order entered by the judge presiding at his Missouri state court murder trial preventing Cox from giving alibi testimony deprived him of his due process guarantees under the sixth amendment. The preclusion order was issued as a sanction for Cox's failure to respond to the State's pretrial motion to produce the names and addresses of alibi witnesses and the location of any alibi defense. *See* Mo.R.Crim.P. 25.05(A)(5). In rejecting Cox's constitution-al claim, this court found that "Cox decided not to testify for reasons of trial strategy unrelated to and in advance of the trial judge's issuance of the preclusion order." *Id.* at 226.[2]

In a second § 2254 petition, Cox now contends that in *Rock v. Arkansas*, 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987), the Supreme Court announced a new rule indicating that a criminal defendant's right to testify is absolute and cannot be impaired. On this basis, Cox requests reconsideration of the denial of his initial habeas corpus petition.

The district court adopted the recommendation of the magistrate to whom the case had been referred[3] and denied Cox's request for relief. Specifically, the district court held that "[t]he imposition of the sanction precluding Cox from testifying as to his alibi defense was justified in this case because Cox and his attorney made a deliberate tactical decision not to fully comply with the government's discovery requests and the court's order." This appeal followed.

A district court has broad discretion in ruling upon a Rule 60(b) motion, and we will overturn its decision only upon a showing of abuse. *In re Design Classics, Inc.*, 788 F.2d 1384, 1386 (8th Cir.1986); *Lang v. Wyrick*, 590 F.2d 257, 259 (8th Cir.1978) (per curiam). Relief is appropriate under Rule 60(b) "where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship." *Mohammed v. Sullivan*, 866 F.2d 258, 260 (8th Cir.1989) (citations and internal quotations omitted). A change in the law having retroactive application may, in appropriate circumstances, provide the basis for granting relief under Rule 60(b). *Id.* Our review of the denial of a Rule 60(b) motion raises

---

1. The Honorable John F. Nangle, Chief Judge, United States District Court for the Eastern District of Missouri.

2. In particular, this court found:
   Cox's decision not to testify and not to respond to the prosecution's request for information and the trial court's order to provide information was the result of a personal and deliberate choice by Cox with the advice of counsel. Therefore, Cox decided not to testify in his own behalf for strategic and tactical reasons other than the trial court's alibi evidence preclusion order.
   *Cox v. Wyrick*, 642 F.2d at 225.

3. The Honorable David D. Noce, United States Magistrate for the Eastern District of Missouri.

only the propriety of the denial of the motion; it does not squarely present for review the merits of the underlying judgment or order. *Browder v. Director, Dep't of Corrections,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560, n. 7, 54 L.Ed.2d 521 (1978); *Mohammed v. Sullivan,* 866 F.2d at 260.

■ After examining the present case in light of these standards, we conclude that the district court did not abuse its discretion in denying Cox's request for reconsideration. Initially, assuming that *Rock* is subject to retroactive application, it is inapposite. In *Rock,* the Supreme Court held that a per se evidentiary rule prohibiting the admission of a criminal defendant's hypnotically refreshed testimony without affording the state court an opportunity to consider the particular circumstances of the case is violative of the sixth amendment. 107 S.Ct. at 2714. Contrary to Cox's assertion, the Court did not hold that a criminal defendant's right to testify is absolute, but rather stated that the restrictions imposed upon the right to testify "may not be arbitrary or disproportionate to the purposes they are designed to serve." *Id.* 107 S.Ct. at 2711.

No arbitrary rule such as that held unconstitutional in *Rock* was applied in the present case. Quite to the contrary, after providing multiple opportunities for Cox's compliance with the State's discovery requests, the trial court determined that the imposition of sanctions was warranted. Although the total exclusion of Cox's alibi testimony might have been unnecessarily restrictive, we agree with the district court's conclusion that in the circumstances of this case, particularly in light of our prior finding that Cox willfully failed to respond to the State's discovery requests, adequate justification existed for the limitations imposed upon Cox's right to testify. *See Rock,* 107 S.Ct. at 2712 ("[i]n applying its evidentiary rules a State must evaluate whether the interests served by a rule justify the limitation imposed upon the defendant's constitutional right to testify"); *see also Taylor v. Illinois,* 484 U.S. 400, 108 S.Ct. 646, 655–56, 98 L.Ed.2d 798 (1988) (a criminal defendant's sixth amendment

rights are not violated by the preclusion of a defense witness's testimony as a sanction for the defendant's "willful and motivated" failure to comply with discovery rules).

As indicated, we do not ordinarily review the merits of the underlying judgment in a Rule 60(b) proceeding. *In re Design Classics,* 788 F.2d at 1386. Indeed, our prior determination that Cox "decided not to testify for reasons ... unrelated to and in advance of the trial judge's issuance order," *Cox v. Wyrick,* 642 F.2d at 226, has become the law of the case and should be accepted as true in this proceeding. *In re Design Classics,* 788 F.2d at 1386. We see no reason here to overturn the law of the case. Moreover, in passing we note that Cox's reliance upon *Rock* is misplaced for the additional reason that the trial court's order did not really prevent Cox from testifying; Cox himself chose not to do so.

The district court's order denying Cox's request for reconsideration is affirmed.